Ellis, *Sheriff, et al.* v. Smith.

No. 274.    Opinion Filed November 11, 1909.

(105 Pac. 653.)

ANIMALS—Trespassing Animals—Actions for Damages—Waiver of Lien on Animals. Under that part of section 11, art. 1, c. 1, p. 43, Laws 1903, which provides: "The owner of any stock or domestic animal prohibited by law. from running at large, or prohibited by police regulation of any such district from running at large within the district at any of the times adopted by said vote, shall be liable for all damages done thereby while wrongfully remaining at large upon the public highway or upon the lands of another; which may be recovered by action of law; or the party injured may at his option distrain the trespassing animals and retain the same in some safe place at the expense of the owner until damages are paid"—where a party elects to recover damages alleged to have been incurred by a violation of the foregoing provision, by action at law, he waives any lien that might have attached to the stock doing the injury. if he had proceeded to distrain the trespassing animals, so far as a prior incumbrancer by chattel mortgage was concerned.

(Syllabus by the Court.)

*Error from District Court, Day County; John L. Pancoast, Judge.*

Action by G. M. Smith against Anzley Ellis, as sheriff, and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*C. B. Leedy* and *A. M. Appelget,* for plaintiffs in error.

*Chas. Swindall,* for defendant in error.—Citing *Crismon v. Barse Live Stock Com. Co.,* 17 Okla. 117.

KANE, C. J.    From the agreed statement of facts upon which this case was tried, it appears that D. P. Halbert, E. Moore, and W. R. Coldiron, three of the plaintiffs in error, each filed a suit in

the probate court of Day county, territory of Oklahoma, to recover from Chas. E. Collins damages claimed to have been done by the cattle of said Collins trespassing upon their premises and crops, and at the time of the filing of said suits each of the plaintiffs caused an order of attachment to be issued directed to the sheriff of Day county, commanding him to levy the same upon the lands, tenements, goods, and chattels and effects not exempt by law from levy, attachment, or execution; that said attachment was served in the aggregate upon 54 steers; that said order of attachment was based upon an affidavit that Collins was a nonresident of Oklahoma Territory. Upon trial of these cases Halbert was awarded judgment in the sum of $185, Moore in the sum of $12, and Collins in the sum of $35. Upon entering judgment the probate court made an order directed to the sheriff of Day county, commanding him to proceed to advertise and sell according to law all lands, stock, goods, or chattel property attached of Charles E. Collins. Under this order the sheriff, Anzley Ellis, was attempting to sell said property when the defendant in error, G. M. Smith, commenced this action in replevin against him, alleging that he was entitled to the possession of the cattle by reason of being a mortgagee thereof, under a chattel mortgage held by him to secure payment of certain moneys loaned by him to Collins. It was further admitted that the mortgage of Smith was perfectly valid, and that he would have been entitled to the possession of the cattle taken if it were not for the superior lien of the plaintiffs in error acquired by their proceedings in the damage cases by virtue of section 11, art. 1, c. 1, p. 43, Laws 1903. On the trial of the cause below before the court without a jury, the court decided this contention against them, and this is the only question for decision in this court.

We are of the opinion that the judgment of the court below should be affirmed. The part of section 11, *supra,* under which the plaintiffs in error claimed their lien, reads as follows:

"The owner of any stock or domestic animal prohibited by law from running at large, or prohibited by police regulation of any such district from running at large within the district at any

of the times adopted by said vote, shall be liable for all damages done thereby while wrongfully remaining at large upon the public highway or upon the lands of another; which may be recovered by action of law; or the party injured may at his option distrain the trespassing animals and restrain the same in some safe place at the expense of the owner until damages are paid," etc.

In the case before us the plaintiffs in error elected to recover by action at law. Without passing upon what would be the effect if they had elected to proceed to distrain the trespassing animals and retain the same in some safe place at the expense of the owner until the damages were paid, we are of the opinion that, under the circumstances in this case, it falls within the rule laid down in *Crismon, Sheriff, v. Barse Live Stock Commission Company,* 17 Okla. 117, 87 Pac. 876. In that case one Stribling controlled a certain pasture in the Osage Indian reservation. Palmer and Brigham entered into a contract with Stribling for the pasturing of a bunch of cattle. This contract was entered into on April 2, 1902. On May 17, 1902, Palmer and Brigham executed a chattel mortgage to the Barse Live Stock Commission Company on the same cattle. The commission company took the cattle from the pasture for the purpose of foreclosing its mortgage. Stribling commenced suit in the district court claiming that there was due him, for pasturing these cattle the sum of $2,000, and alleging that there existed in his favor a lien under sections 108 and 110 of chapter 3 of Wilson's Revised and Annotated Statutes of 1903, which provide as follows:

"Sec. 108. That any person or persons employed in feeding, grazing, or herding any domestic animals, whether in pasture or otherwise, shall for the amount due for such feeding, grazing, or herding, have a lien on said animals."

"Sec. 110. All liens, not to exceed in the aggregate twenty-five per cent. of the value of such animals, against any domestic animal or animals for labor, grazing, herding or feeding, or for corn, feed, forage or hay, furnished the owner of such domestic animals as herein provided, and actually used for such purpose, shall be prior to all other liens thereon, and no recital or stipulation in any mortgage or other incumbrance on any cattle so fed shall be held to supersede or vitiate the lien here provided for."

At the time of the commencement of that action, an affidavit of attachment was filed on the ground that Palmer and Brigham were nonresidents. An order of attachment was issued thereon, placed in the hands of the sheriff, and the cattle in question seized thereunder. They were being held by the sheriff under this writ when the Barse Live Stock Commission Company commenced their replevin suit against the sheriff, John H. Crismon, to recover possession of the cattle for the purpose of foreclosing its chattel mortgage. The question in that case was: Which lien is superior, the lien of the Barse Live Stock Commission Company under its chattel mortgage, or the lien of attachment under which the sheriff held the cattle? The question is answered by the syllabus in the case, as follows:

"(1) One who has a lien on cattle for pasturing them, under the terms of sections 90 and 92, c. 3, pars. 108, 110, Wilson's Rev. & Ann. St. 1903, waives such lien by suing for the amount of the debt and causing the property covered by such lien to be attached in such suit, as the lien under the statute and the lien under the agreement are inconsistent, and cannot coexist in favor of the same person. (2) The rights of a mortgagee to the possession of personal property, covered thereby are superior to those of a sheriff who claims under a writ of attachment, sued out at the instance of another creditor of the mortgagor and levied on the property after the filing of the mortgage for record in the office of the register of deeds of the county; the attaching creditor not having paid off the mortgage or deposited the amount thereof as required by the statute."

We believe the same answer must be given to the question involved in the case at bar.

The judgment of the court below is affirmed.

All the Justices concur.