## MARY HOLZMAN *vs.* J. ADOLPH WAGER ᴇᴛ ᴀʟ.

*Validity of Will of Leasehold Property Executed by an Infant.*

Code, Art. 93, sec. 316, provides that no will, testament or codical shall be good and effectual to pass any interest or estate in any lands, tenements, or incorporeal hereditaments unless the person making the same, if a male, be of the full age of twenty-one years, and, if a female, of the full age of eighteen years. *Held,* that this provision has relation to freehold estates in land, and that since a leasehold estate is a chattel, a will bequeathing the same, executed by a male nineteen years of age and of sufficient discretion, is valid.

The circumstance that the owner of a leasehold interest in land has the option of redeeming the rent and acquiring the fee simple does not constitute such leasehold interest an estate in land within the meaning of Code, Art. 93, sec. 316.

A male infant over the age of fourteen years, if of sufficient discretion, may make a valid will of personal property.

*Decided January 10th, 1911.*

Appeal from the Circuit Court for Baltimore County (Vᴀɴ Bɪʙʙᴇʀ, J.).

The cause was argued before Boyᴅ, C. J., Bʀɪsᴄᴏᴇ, Pᴇᴀʀᴄᴇ, Sᴄʜᴍᴜᴄᴋᴇʀ, Bᴜʀᴋᴇ, Tʜᴏᴍᴀs, Pᴀᴛᴛɪsᴏɴ and Uʀɴᴇʀ, JJ.

*Horton S. Smith,* for the appellant.

The question in this case is not whether a leasehold property is personal or real property, but is whether leasehold property subject to a redeemable ground rent is included in

the terms "any interest or estate in any lands, tenements or incorporeal hereditaments?"

The appellant contends that a leasehold estate for 99 years, subject to a redeemable ground rent is within the terms "any interest or estate in lands, tenements or incorporeal hereditaments," and that being included in these terms the testator must have been twenty-one years of age in order that the bequest of the property No. 1008 South Potomac street may stand.

An estate in lands, tenements or hereditaments signifies such interest as the tenant has therein. 2 *Black Coms.,* 103-104; *Venable R. P.,* 7.

And Blackstone divides estates in land into (*a*) freehold; (*b*)less than freehold. Estates less than freehold are again divided into (*a*) estates for years; (*b*) estates at will; (*c*) estates at sufferance.

Estate signifies such inheritance, freehold, term of years, tenancy by Statute Merchant, elegit, or the like, as a man lost in lands or tenements. *Coke on Lit.,* secs. 345, 650a.

Estate in lands is an interest in lands by virtue of a contract for the possession of them for a definite and limited period of time. *Bouvier,* 692.

Estates in lands are either freehold or less than freehold, and estates less than freehold arise where one gives land to another to hold for a certain period of time. *Williams R. P.,* 62.

This author gives the principal interests of a personal nature derived from landed property as a term of years, and a mortgage. *Williams R. P.,* 467.

An estate for years is an interest in lands or tenements for a determined fixed period of time, and arise where a man devises lands or tenements to another for a certain number of years. * * * *Venable, R. P.,* 41. *Tiedeman, R. P.,* sec. 26, classifies "estates which may be created in lands" with regard to the "duration of the interest" into (*a*) estates

of freehold; (*b*) estates less than freehold, which he again divides into (*a*) estates for years; (*b*) at will; (*c*) from year to year; (*d*) at sufferance.

Bouvier defines an estate as "The degree, quantity, nature and extent of the interest which a person has in real property." To constitute a tenant for years he must have an interest in the land and a right of possession and use. *Maverick* v. *Lewis,* 3 McCord, 211.

An estate is the tenant's interest and the term involves the idea of possession. Interests in lands which do not or cannot give a right of possession are classed as rights in lands, as distinguished from estates. *Venable, R. P.,* 8.

An estate becomes vested in the tenant when he takes possession under the lease. *Union Bank* v. *Gittings,* 45 Md. 196.

It has been held repeatedly in Maryland that a leasehold estate is a Chattel Real and is an Estate less than freehold. *Taylor* v. *Taylor,* 47 Md. 299; *Alexander* v. *Sussan,* 33 Md. 17; *Hollander* v. *Central Metal Co.,* 109 Md. 133; *Devecmon* v. *Devecmon,* 43 Md. 335; *Venable, Real Prop.,* 40.

To say they are chattels real settles the controversy in this case, for a chattel real is an interest in lands or tenements and furthermore comes within the term "any" as used in the statute. Term "any" means "every." *McComas* v. *Amos,* 29 Md. 141.

If this be so, then every interest of whatever character in land or tenements is embraced within the terms of the statute.

Had James Deegan any interest in the fee of this property under the lease mentioned?

This Court in discussing whether or not a covenant for perpetual renewal ran with the land has said: "In order that a covenant may run with the land it must respect the thing granted or devised, and the act covenanted to be done or omitted must concern the land or estate conveyed. That the

covenant in this case is within these requirements, as affecting the interest in the land devised, as enhancing the value thereof, and as forming a part of the consideration of the acceptance of the lease by the lessees would seem free from doubt." * * * "The right to renewal constitutes a part of the tenant's interest in the land." *Hollander* v. *Central Metal Co.,* 109 Md. 156.

In the case at bar the lease contains a covenant of perpetual renewal. The lease in this case was created August 4, 1890, and the reversion and rent is known as a ten-year rent. The reversion is now redeemable by the owner of the leasehold estate. *Code,* Art. 21, sec. 88; *Code,* Art. 53, sec. 24.

In the *Hollander case (supra)* there was an express covenant that the tenant might redeem and the Court said: "If the covenant to renew is a part of the lessee's present interest, so is the covenant for the conveyance of the fee. * * * If the estate conveyed to the lessee and the lessee's present interest is, in the one case, not a term for 99 years, but a term for 99 years with a right of renewal, so in the other case the estate conveyed to the lessee, and the lessee's present interest is not a definite term, but the term coupled with the right to acquire the fee."

In the event of a purchase by the lessee of the reversion, the leasehold interest, or estate, would be merged in the greater estate purchased by the lessee. *Hollander case,* 109 Md. 133; *Starr* v. *Starr M. P. Church,* 112 Md. 181. So that at the time of his death James Deegan had an interest in the fee of this property.

There was no change (in the statute law on this subject) from the time of the passage of the Act of 1798, Ch. 101, S. Ch. 1, to the passage of the Act of 1884, Ch. 393. At the time of the passage of the Act of 1798, Ch. 101, the law in Maryland was: "That wills and testaments made of any manors, lands, tenements or hereditaments by any woman

covert, or person within the age of 21 years, idiot or person of *de non* sane memory, shall not be taken to be good or effectual at law." 34-35 *Henry*, 8 Ch., 5, sec. 18; *Buffheads Eng. St.*, 1461-1601, page 333.

A glance at the sections involved in the *Devecmon case*, 43 Md. 335, will show that they involved only sections 298 and 301 of Art. 93 of Code of 1860, both of which read: "All lands and tenements," and in no way construed section 300, which reads: "Any interest or estate in any lands, tenements or incorporeal hereditaments." The *Devecmon case* therefore cannot be conclusive of this controversy, as it was not construing the same statute nor the same words. That case was deciding the factum of a will; this case involves not the legal factum, but the testamentary capacity of the devisor.

To give to Article 93, section 316, the construction desired by the appellees would be to construe the words "any interest or estate in any lands, tenements or in incorporeal hereditaments" to mean the exact words of the statute of 34 and 35 *Henry* 8, Ch. 5, sec. 18. That statute was repealed by the Act of 1798, Ch. 101, which read into our law the words of Article 93, section 316, and changed the law from "any manor, lands, tenements or hereditaments" to "any interest or estate in any lands, tenements or incorporeal hereditaments."

*Wm. H. Lawrence* (with whom was *Wm. Grason* on the brief), for the appellee.

The sole question in this case resolves itself into whether or not a male born on the 21st day of July, 1890 (Record, page 4, par. 9), was capable of making a will of leasehold property on the second day of April, 1908, when he was about eighteen years and eight months of age. If, at that time, said deceased infant was capable of executing a valid will of leasehold property, then the action of the Court below in sustaining the demurrer and dismissing the bill, the costs to be paid by the plaintiff, should be sustained.

The bill clearly alleges, that because of the alleged non-age of said deceased, James Deegan, the will is inoperative and void; and, therefore, if said allegation of the plaintiff is error, then the plaintiff's complaint must fall.

1st. A male over fourteen years of age may make a valid will of personalty; no objection can be made to a will of personalty made by an infant over the age of fourteen, if made, merely from the want of age. *Hinkley on Testamentary Law,* 1878-88, sec. 19; *Dorsey's Testamentary Law,* Ch. 8, page 48; *Williams on Executors,* 6 Am. Ed., page 18, sec. 1, *et seq.;* 2 *Bl. Comm.,* 497 (Star page); 3 *Jarman on Wills,* page 748 (n.), 5th Am. Ed.

The common law rights on the subject in respect to the enjoyment of his property are not to be trenched upon by a statute, unless such intention is shown by clear words or necessary implication. *Lewis Sutherland on Statutory Construction,* sec. 574; *Reg.* v. *Mall Union,* 12 Ir. C. L. (N. S.) 35.

2nd. A leasehold is a chattel real, and being less than a freehold is considered as personal estate or property, and is not included in land. In *Pistel* v. *Richardson,* 1 H. Bl. 26 (n.) a testator who was seized of freehold estates, and also possessed of two farms held by leases for a thousand years, gave, bequeathed and devised all and every his several messuages, lands tenements and hereditaments, whatever and wheresoever, which he was seized of, interested in, or entitled to, to his son for life with remainder over, and gave his personal estate to his wife and daughter; and LORD MANSFIELD, applying the first rule in *Rose* v. *Bartlett, Cro. Car.,* 292, that "if a man hath lands in fee and lands for years, and deviseth all his lands and tenements, the fee simple lands pass only and not the lease for years," held that the two leasehold farms did not pass by the former devise. This case is referred to and adopted in *Taylor* v. *Taylor,* 47 Md. 295, 297.

A leasehold has always been considered personal estate, subject to all the rules governing that species of property, save in so far as those rules have been modified by express legislation. *Culbreth* v. *Smith,* 69 Md. 450, 453; *Arthur* v. *Cole,* 56 Md. 107; *Taylor* v. *Taylor,* 47 Md. 295, 297.

Under the term chattel is included every species of property, which is not of a freehold nature; and a lease for a term of years, while a chattel real, is but personal estate, though it be for a term of a thousand years; and it devolves, not on the heir, but on the personal representative of the deceased and is assets in his hands. *Devecmon* v. *Devecmon,* 43 Md. 335, 347.

It ought to be reasonably certain at this day that leasehold estate is personal estate. Leasehold is assets and goes to the executor or administrator. *Co. Lit.,* 111b; 1 *Lomas Dig.,* Tit. 7, Ch. 1, secs. 18, 19; 2 *Bl. Com.,* 144, 152; *Hewitt's case,* 2 Bl. 184; *Williams* v. *Holmes,* 9 Md. 287; *Guy's case,* 5 Mass. 417; *Reynolds* v. *Starke,* 5 Ohio, 204; 7 *Sm. & Marsh,* 479; *Neal* v. *Hagthorp,* 3 Bl. 561; *Barr* v. *Doe,* 6 Blackf. 335, 336.

At the common law leaseholds were classed as personalty; even though for some purposes the introduction of the action of ejectment led to the recognition of terms of years as estates in land, nevertheless, there was an important difference in the devolution of the estate on the death of the lessee; it descended to the excutor or administrator of the deceased. *Digby, History of the Law of Real Property,* 1884, pages 143 *et seq.,* 145, 199.

The interest of a tenant of land for a term of years was reckoned among his chattels after his death, even if a term was to a man and his heirs. *Williams on Real Property,* 18 Ed., 20, 21.

A leaseholder has no seisen in the land, the possession of seisin in the land remaining still in him who hath the freehold. 2 *Bl. Comm.,* 144; *Stone* v. *Stone,* 1 R. I. 425, 428.

Seisin makes the stock from which all future inheritance by right of blood must be derived. 2 *Bl. Comm.,* 209.

An estate for life, even if it be *pur autre vie,* is a freehold; but a leasehold for a thousand years is only a chattel and reckoned part of personal estate. 2 *Bl. Comm.,* 143; *Spangler* v. *Stanler,* 1 Md. Ch. D. 36; *Devecmon* v. *Devecmon,* 43 Md. 335, 347.

In England upon a *fi. fa.* against the goods and chattels of the debtor, a leasehold is liable to be seized and sold. *Barr* v. *Doe,* 6 Blackf. 335, 336.

Even if the leasehold were in the name of a wife, at common law it was the husband's property for execution. *Meni* v. *Rathbone,* 21 Ind. 454, 466.

Leaseholds are not included under the terms "land," "real estate" or "real property." *Meni* v. *Rathbone,* 21 Ind. 454, 467; *Devecmon* v. *Devecmon,* 43 Md. 335, 347.

But it has been held from the earliest period since the passage of the Statute of Frauds that the formalities prescribed by the fifth section for devises of lands and tenements do not apply to bequests of estates for years * * *; terms for years, *in esse,* being but chattel interests, may be bequeathed by any such will or testamentary paper as is sufficient to dispose of personal property; and in said case the Court holds that whatever may be thought of the reason or policy of the law upon the subject, it is quite clear that the terms of the statute do not include leasehold estates, the learned Judge, in the same opinion, finds that section 298 of Article 33 of the Code of 1860 (now Article 93, section 314 of the Code of 1884), is but the substantial embodiment of the Statute of Wills, as enlarged by the operation of the Statute 12, Car. 11, Ch. 24, together with the provision of the Statute of Frauds with respect to the power of devise of estate *per autre vie;* and that section 301 of the Code of 1860 (now section 317 of the Code of 1904) is almost a literal transcript of the 5th section of the Statute of Frauds prescribing the formalities for devises of lands and tenements.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County, sitting as a Court of Equity, sustaining the demurrer and dismissing the bill filed by the appellant against the appellee.

The bill alleges that on the first day of July, 1908, James Deegan died, leaving his aunt, Mary Holzman, the appellant, as his only heir at law, next of kin or distributee. That at the time of his death he was entitled to have distributed to him from the estate of his father, John Deegan, the leasehold interest in a lot of land located in Baltimore City, which, after his death, was on August 14th, 1908, by the administrator of his father, conveyed to J. Adolph Wager, executor of James Deegan, one of the appellees. That on the 7th day of July, 1908, a paper writing, dated the 8th day of April, 1908, purporting to be the last will and testament of James Deegan, was offered for probate in the Orphans' Court of Baltimore County and on the following day it was admitted to probate as the will of James Deegan, and letters testamentary thereon were granted to J. Adolph Wager, the person named therein as executor. That the paper writing is in the form of a will, signed and sealed by James Deegan and attested by three witnesses; and, omitting the formal conclusion, it is as follows, to wit:

"I, James Deegan, now residing in Highlandtown, Baltimore County, Maryland, being of sound and disposing memory and capable of executing a valid deed or contract, do make, publish and declare the following to be my last will and testament, hereby revoking all wills and testaments by me at any time heretofore made.

"To wit: Leasehold No. 1008 Potomac street, in Baltimore City, and all moneys in bank or banks belonging to me and having been deposited there by my guardian or his agent or all money which ought to have been deposited there, minus such amounts as I have received of late only.

"All the aforesaid I will and bequeath absolutely to Mrs. Emma V. Harris in consideration of her raising me and taking the part of a mother. I hereby constitute Mr. J. Adolph Wager as executor of this 'my last will and testament."

The bill further alleges that at the time of the death of James Deegan he was a minor under the age of twenty-one years, having been born on the 21st day of July, 1889, and therefore charges that the said will is inoperative and void as to the bequest aforesaid to Mrs. Emma V. Harris. The bill also charges that at the time of filing the bill the said J. Adolph Wager, executor, had stated no account distributing the property, but she, the plaintiff, was apprehensive that he would state such an account distributing said property to the said Emma V. Harris, as he had said he would do.

The prayer upon this bill is:

First—That this Court will assume jurisdiction and administer said estate under its direction and control.

Second—That the said bequest of the leasehold property to Emma V. Harris be declared null and void.

Third—That J. Adolph Wager, executor, may be required to distribute the said leasehold property to the plaintiff, Mary Holzman, or if there be other personal representatives or heirs at law of the said James Deegan entitled thereto, then to such of them as may be so entitled.

Fourth—That the Court will construe the will of James Deegan.

Each of the defendants demurred to the bill and the Court below sustained the demurrers and dismissed the bill. It is from this order that this appeal is taken.

The question before us on this appeal is, whether the bequest to Emma V. Harris of the leasehold interest in a lot of land, mentioned in the paper writing purporting to be the will of James Deegan, was valid, he, the said James Deegan, having executed the same as his will when he was under

twenty-one years of age, to wit, about three months less than nineteen years of age?

It is contended by the appellant that under the statute law of this State no will is good and effectual to pass leasehold estate if the person making the same be a male under the full age of twenty-one years. In support of this contention we are referred to the Acts of 1798,, Chap. 101, Sub-Chap. 1, section 3, codified in the Code of 1904 as section 316 of Article 93, in which it is enacted: "That no will, testament or codicil shall be good and effectual to pass any interest or estate in lands, tenements, incorporeal hereditaments unless the person making the same, if a male, be of the full age of twenty-one years, and, if a female, of the full age of eighteen years."

We do not find that this question has ever been presented to and passed upon by this Court, although the right of a male, of sufficient discretion, under the age of twenty-one years and over the age of fourteen years, to dispose of his leasehold property has always been recognized and acted upon in this State (even since the passage of this statute). *Mr. Hinkley,* in his treatise on *Testamentary Law,* Chap. 1, under the caption or heading "Age and Residence of Testators," after setting out fully the section of the statute above set forth, proceeds at once with the discussion of it by saying: "The Code does not profess to prescribe a testamentary age for wills of *personal property.* Infants over the age of fourteen years, if males, and over twelve, if females, may make a will of personal property. No objection can be made to a will made by an infant, of the above age, merely for the want of age, if the testator had sufficient discretion. 1 *Williams' Ex.* 14; 2 *Blackstone's Com.* 497; 4 *Kent's Com.* 506; *Dorsey's Testamentary Law,* p. 48."

This author in the further discussion of this subject, in the 70th section of his work, says: "In the State of Maryland, especially in the City of Baltimore, there is a custom

well known to all who have any occasion to deal in buying and selling land, or in preparing papers for its conveyance, to lease land for a long term of years, namely, for ninety-nine years, renewable forever, at a certain rent, usually equal to six *per cent.* interest on its value when leased. The interest of the landlord or lessee is called a fee simple interest, and is also commonly called a ground rent; but the interest of the tenant is not so called, but is a leasehold interest. The former is real estate and does not pass to administrators, but goes directly to the heirs without administration. * * * The latter is personal estate, and passes to the administrator."

This Court in the case of *Devecmon* v. *Devecmon,* 43 Md. 346, quoting from 2 *Kent's Com.* 242, said: "Under the term chattel is included every species of property which is not of a freehold nature; and a lease for a term of years, while a chattel real, is but personal estate, though it be for a term of a thouasnd years; and it devolves, not on the heir, but on the personal representatives of the deceased, and is assets in his hands."

In this State a leasehold has always been considered personal estate, subject to all the rules governing that species of property, save in so far as these rules have been modified by express legislation. *Culbreth, Admr.,* v. *Smith,* 69 Md. 463; *Arthur* v. *Cole,* 107 Md. ——; *Taylor* v. *Taylor,* 47 Md. 299. It is contended, however, by the appellant that this leasehold interest, if otherwise personal property, ceased to be personal property by reason of the operation of the Acts of 1900, Chap. 207, which gave to the lessee, after the expiration of ten years from the date of the lease, the option to purchase the fee in said land at an amount fixed by the statute. This operates only as an option extended to the lessee to buy the fee simple in the land. The character of the leasehold interest is not changed thereby and remains the same until the option is exercised. The lessee may never avail himself of this option, and until he does his interest in

the land remains unchanged and not enlarged and is a lease-hold interest, which under the laws of this State is personal property in the hands of the administrator.

The contention is also made by the appellant that the determination of the question involved in this case is not dependent upon the fact whether the property sought to be disposed of by the will is real or personal property; that it may be personal property and yet be included within the class of property mentioned in the statute which can only pass by will when the person making it, if a male, be of the full age of twenty-one years, contending that even though a leasehold interest it is, nevertheless, *"an interest or estate in land,"* as described by the statute.

In the case of *Devecmon* v. *Devecmon, supra,* one of the questions the Court was called upon to determine was, "Whether the paper, being sufficient to pass personal estate, will pass leasehold estate, or whether leasehold estate is embraced by the terms of sections 298 and 301 of Article 93 of the Code, in regard to wills"? The Court there said: "It is contended for the appellant, that the terms of these sections of the statute, are comprehensive enough to embrace leasehold estates, and that the same reason and policy of the law that requires certain formalities to be observed in devises of freehold estates, equally apply to devises or bequests of leasehold estate. But whatever may be thought of the reason or policy of the law upon the subject, it is quite clear, we think, that the terms of the statute do not include leasehold estates, as those terms are defined and explained by Coke and Blackstone."

It is true that the language of the section of the statute to be construed in this case differs somewhat from the language in the section construed in the *Devecmon case.* The section in that case contained the words "lands, tenements and hereditaments," while the section before us reads, "any interest or estate in lands." Nevertheless, we think the reasons assigned by the Court in reaching the conclusion in that

case apply to this case and will largely aid us in reaching our conclusion. In that case the Court said: "Terms for years, however, cannot be *created* by will, unless the instrument be executed with all the formalities required to pass real estate; because the interest, in right of which the testator creates the term, is real estate, and creating the term is a partial devise to it. *Co. Litt.,* Har. & B.'s Ed. 111, b, note 3; *Whitechurch* v. *Whitechurch,* 2 P. Wms. 236; *S. C., Gilb. Rep. in Eq.* 168. But terms for years in *esse,* being but chattel interests, may be bequeathed by any such will or testamentary paper as is sufficient to dispose of personal property; and such, we think, has been the general understanding upon the subject."

The testator in this case held only a leasehold interest in the lands, a chattel interest, which had devolved upon him by administration upon his father's personal estate. He was not disposing of a leasehold interest *created by the will* out of the fee in the land held by him, the fee was in another, but by the will he was disposing of a leasehold interest which had *previously* been carved out of the fee simple estate.

The meaning of the language in this section, "no will, testament or codicil shall be good and effectual to pass any *interest or estate in lands,*" does not, we think, prohibit the passing of a term for years in *esse,* the same being but a chattel interest, but is intended, and should be so construed, to prevent the passing of a term for years *created by the will* out of the lands of the testator, in right of which he creates the term, for in such case it is a partial devise of the real estate. This, we think, is the meaning of the statute. We are therefore of the opinion that the bequest to Emma V. Harris is a valid one.

In taking the view that we do as to the validity of the bequest, we deem it unnecessary to pass upon the question of jurisdiction. We therefore affirm the order of the lower Court.

*Order affirmed, with costs to the appellees.*