## ROONEY v. McPHERSON.

No. 389. Opinion Filed June 30, 1913.

(133 Pac. 212.)

**CHATTEL MORTGAGES—Discharge of Lien—Attachment.** Where the owner of a note secured by chattel mortgage sues on the note, attaches the mortgaged property, brings replevin, and then dismisses the prior suit, held, that the mortgage lien was **ipso facto** discharged by the levy of the attachment, after which plaintiff was without special interest in the property sufficient to maintain replevin.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; J. H. Woods, Special Judge.*

Action by M. A. Rooney against W. A. McPherson. Judgment for defendant, and plaintiff brings error. Affirmed.

*Pendleton, Abernathy & Howell,* for plaintiff in error.
*H. H. Smith* and *W. T. Williams,* for defendant in error.

TURNER, J. This case presents error from the probate court of Pottawatomie county. The record discloses that M. A. Rooney, plaintiff in error, plaintiff below, sold W. A. Mc-

Pherson certain personal property, taking in payment his note in the sum of $450 secured by a chattel mortgage on the property; that upon the maturity of said note $338 remained unpaid, and suit was commenced thereon; that at the same time said Rooney filed his affidavit for an attachment "on the same property embraced in the mortgage" to secure any judgment obtained; that thereupon attachment issued, and the property was seized, whereupon said McPherson pleaded the exemption laws of the territory of Oklahoma, and moved to discharge the attachment; that while said suit was pending and the writ of attachment still in effect said Rooney commenced this action in replevin for the purpose of gaining possession of the personal property covered by said chattel mortgage, and during the trial of the action the attachment suit was formally dismissed. The case was tried to the court upon an agreed statement of facts and judgment was rendered and entered for defendant, and plaintiff brings the case here. He contends that, although he brought suit on the note and attached the mortgaged property, still he had a right to also institute an action in replevin for the same property after dismissing the attachment proceedings. Not so. The lien of his mortgage was *ipso facto* discharged by the levy of the attachment. Thenceforth he had no special interest in the property sufficient to maintain replevin. This was the holding in *Dix v. Smith,* 9 Okla. 124, 60 Pac. 303, 50 L. R. A. 714, followed in *Crismon, Sheriff, v. Barse Live Stock Co.,* 17 Okla. 117, 87 Pac. 876, and cited with approval in *Bailey v. Willoughby et al.,* 33 Okla. 194, 124 Pac. 955.

In *Dix v. Smith, supra,* the syllabus reads:

"Where a creditor brings suit against his debtor and sues a writ of attachment, but before levying the same learns that the debtor's property is covered by a chattel mortgage, and upon receiving such information buys the chattel mortgage debt and has the mortgage assigned to himself, and thereafter causes said property to be seized under such attachment, he thereby waives his lien under the chattel mortgage; and in case the attachment is discharged, either by the court on the

trial, or by appealing from the judgment of the trial court and executing an "appeal bond, the creditor cannot maintain an action in replevin to secure the possession of the mortgaged property, so that he may foreclose his mortgage, for the reason that the mortgage lien is waived by the attachment of the property covered thereby."

In a note to said case (50 L. R. A. 714) it is said:

"To render applicable the theory of the case, that the lien of a chattel mortgage and the lien of an attachment are inconsistent and cannot coexist, since the first imports legal title in the mortgagee, and the second legal title in the mortgagor, not only the common-law doctrine that a chattel mortgage operates to transfer the legal title to the mortgagee, but also the common-law rule that a mere equitable right, such as the equity of redemption remaining in the mortgagor, is not subject to levy, must have been left undisturbed, both by statute and judicial decision."

As both said common-law doctrine and common-law rule obtain in this jurisdiction, the judgment of the trial court is affirmed.

HAYES, C. J., and KANE, J., concur; WILLIAMS and DUNN, JJ., absent and not participating.