### CARTER OIL CO. v. POPP et ux.

No. 9418—Opinion Filed July 30, 1918.

(174 Pac. 747.)

**1. Homestead—Oil and Gas Lease—Consent of Husband and Wife.**

An oil and gas lease covering a homestead which grants the right to enter upon the same and operate for oil and gas, together with the right to lay pipe lines, telephone and telegraph lines, and erect power houses, stations, fixtures necessary for the production of oil and gas, is such a grant of the use and occupancy of the homestead as requires the joint consent of both the husband and wife.

**2. Same—Consent of Wife—Evidence.**

The evidence in this cause examined, and held, that the same is insufficient to show that the wife's consent to the execution of the oil and gas lease in controversy was given, and that there is no evidence showing any act or acts on her part which would operate to estop her asserting the invalidity of the lease.

(Syllabus by Pryor, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Phillip W. Popp and wife against the Carter Oil Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Jas. A. Veasey and L. G. Owen, for plaintiff in error.

James W. Steen and O. D. Hubbell, for defendants in error.

Opinion by PRYOR, C. This is an action commenced by Phillip W. Popp and Mary E. Popp, defendants in error, against the Carter Oil Company, a corporation, plaintiff in error, to cancel a certain oil and gas mining lease on lands owned by the plaintiffs in error, lying in Garfield county, Okla. On the 18th day of March, 1916, the date of execution of the lease in question, the legal title to the premises was in the Oklahoma State Bank of Enid, Okla. The plaintiffs were in possession of the premises and occupying the same as their homestead under a contract to purchase from the bank. The oil and gas lease in question was executed to the oil company by the Oklahoma State Bank. The plaintiffs claim that they never authorized the bank to execute the lease, and never consented thereto, and the defendant claims that the plaintiffs did authorize the bank to execute the said lease and consented to the execution of the same, and that by their acts they are estopped to deny the validity of the lease. There was trial to the court without jury, and judgment was rendered for the plaintiff, canceling the lease, and the defendant appeals.

The question presented on appeal is whether or not the evidence was sufficient to establish that plaintiffs authorized the bank to lease the premises or consented thereto, and whether or not the plaintiffs were estopped from denying the validity of the lease by reason of their acts and conduct. There is no contention that the leased land was the homestead of the plaintiffs. An oil and gas lease on land occupied as a homestead, which grants the right to enter upon the same and operate for oil and gas, together with the right to lay pipe lines, telephone, and telegraph lines, erect power houses, stations, and fixtures necessary for the production of oil and gas is such a grant of the use and occupancy of the homestead as requires the joint consent of the husband and wife. Palmer Oil & Gas Co. v. Parish, 61 Kan. 311, 59 Pac. 640; Franklin Land Co. v. Wea, 43 Kan. 518, 23 Pac. 630. Homestead rights cannot be conveyed or incumbered ercept by the joint consent of husband and wife. The interests are not severable, and both parties are necessary to a conveyance. One party cannot convey his or her rights without the consent of the other, and the rights of both must be conveyed together.

The only fact and circumstance upon which defendants rely to establish the consent of Mrs. Popp to the execution of the lease is substantially as follows: The agent of the company, Mr. Lee, on the 18th day of March, 1916, started from Enid to the home of plaintiff for the purpose of taking up the matter of leasing the land in controversy. On his way he met the plaintiffs going to town. He asked Phillip Popp, in the presence of Mary E. Popp, if he was interested in leasing this land. He told Lee that he would have to see the bank. The plaintiffs got out of their wagon into the agent's automobile and went on to Enid with him. There was some conversation about the lease between Mr. Popp and Mr. Lee on their way to town, but there is no definite evidence as to the character of their conversation. On reaching the bank there was a conversation between Mr. Popp and the cashier of the bank, Mr. Lence concerning the execution of the lease. Mrs. Popp was in the bank part of the time during the discussion and within hearing distance of the conversations. After considerable delay and conversation covering some two hours, the bank finally, through Mr. Lence, its president, executed the deed for the sum of $160, which was later credited on Mr. Popp's indebtedness to the bank. There is no evidence that Mrs. Popp participated in the discussion concerning the execution of the lease. The evidence does show that she spoke something in German to her husband in the presence of Mr. Lence, which Mr. Lence did not understand, and asked Mr. Popp what she said. Mr. Popp stated to Mr. Lence that she said she did not want to lease. She immediately left the bank, and the lease was executed afterwards. The evidence is wholly insufficient to show that Mrs. Popp consented to the execution of the lease. The fact that she accompanied her husband to the bank and was present at the time of the discussion regarding the leasing of the land is not sufficient, within itself, to show a consent. The evidence clearly tends to show that her consent to the leasing of the premises was not ever sought or considered necessary to the validity of the lease; neither is there any fact or circumstance which would operate as an estoppel against her asserting the invalidity of the lease. She made no representations nor concealed any material facts which it was her duty to disclose, nor did she accept or receive any benefit from the leases. The agent of the defendant company knew that the leased premises were occupied by the plaintiffs as their homestead. As Mrs. Popp's consent to the ex-

ecution of the lease is necessary to its validity, and this consent was not procured, and as there are no facts or circumstances which would constitute an estoppel which would prevent her asserting the invalidity of said lease, it must be held that the trial court properly held that the lease was invalid.

Therefore the judgment of the trial court should be affirmed.

By the Court: It is so ordered.