**EVANS et al. v. McMILLAN et al.**

No. 15708—Opinion Filed Sept. 15, 1925.

**1. Landlord and Tenant—Lien for Rent—Waiver by Attachment.**

Where the owner of real estate in a suit against the lessee for ground rent causes an attachment to be levied upon the buildings owned by the lessee, constructed thereon pursuant to the lease contract, and causes the attachment lien to be foreclosed, he thereby waives any lien he may have had under the lease contract.

**2. Same—Priority of Mortgage on Buildings.**

In such case the attachment lien is junior and inferior to the lien of the mortgagee, where the chattel mortgage was recorded prior to the attachment proceedings.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by J. L. Evans against J. A.

McMillan and others. Judgment for plaintiff for less than sued for, and he appeals. Affirmed.

Bridges & Vertrees, Sitton & Anderson, and E. B. Anderson, for plaintiffs in error.

Wilkinson & Saye, for defendants in error.

Opinion by RAY, C. Plaintiff, the owner of certain real estate in Stephens county, a portion of which had been platted as a town site and lots leased to proposed occupants for construction of buildings thereon, brought suit against Ruey McMillan, lessee, to recover ground rental alleged to be due. It was alleged that the lease contract provided that the buildings were to be forfeited to plaintiff if rent was not paid.

The City National Bank of Duncan, which held a chattel mortgage on the buildings, was made defendant. Plaintiff sued out a writ of attachment, which was levied upon the buildings. Plaintiff prayed that his lien be declared a prior lien to that of the bank, and for foreclosure. The bank filed its cross-petition, praying that its lien be adjudged a prior lien and for foreclosure. Judgment was for plaintiff foreclosing his attachment lien, but the bank's mortgage was adjudged to be the prior and superior lien, and plaintiff appealed. The priority of the liens is the only question involved.

Plaintiff offered evidence tending to show that the lease contract with McMillan was oral, and that it was agreed that plaintiff should have a lien on the buildings for unpaid ground rental. No showing was made that the bank had notice of such agreement.

It is sufficient to say that if plaintiff had a lien by reason of the oral contract, it was waived by the attachment proceedings and the foreclosure of the attachment lien, for the reason that the two liens are inconsistent and cannot co-exist in the same property. Crismon, Sheriff, v. Barse Livestock Commission Co., 17 Okla. 117, 87 Pac. 876; Ellis v. Smith, 25 Okla. 234, 105 Pac. 653; Rooney v. McPherson, 38 Okla. 410, 133 Pac. 212; Johnson v. Jones, 39 Okla. 323, 135 Pac. 12.

Some contention is made that by reason of the ownership of the land, the plaintiff was in possession of the buildings, and, therefore, the bank took its chattel mortgage with notice of plaintiff's equitable rights. Plaintiff's evidence was that he was not the owner of the buildings, but that they were owned and leased by McMillan to tenants.

It is clear from the evidence that the bank's lien was prior to plaintiff's attachment lien, and the judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 863, § 53 (Anno); anno. 50 L. R. A. 717, 20 L. R. A. (N. S.) 259. 16 R. C. L. p. 979. (2) 6 C. J. p. 289, § 549.