## WIDICK v. PHILLIPS PETROLEUM CO.

No. 25990.    Sept. 10, 1935.

Frank Nesbitt and Nellie Nesbitt, for plaintiff in error.

R. H. Hudson and Rayburn L. Foster, for defendant in error.

PER CURIAM. The defendant had leased from a third party a tract of land in Ottawa county for a filling station site. Upon the leased premises he erected a filling station, store, residence building, four two-roomed houses and garage, and equipped the same with the usual accessories. Thereafter he executed and delivered to the plaintiff a promissory note, secured by a chattel mortgage upon said buildings and accessories, and as additional security assigned to the plaintiff the lease contract.

The plaintiff brought suit in the district court of Washington county, and obtained personal service of summons upon the defendant in said county. The petition contained two causes of action. The first was

for personal judgment on the promissory note; the second for foreclosure of the chattel mortgage and the assignment of lease, and for appointment of receiver.

The defendant's special appearance and motion to quash summons solely upon the ground that the district court of Washington county had no jurisdiction "over his person" was overruled, and he then filed a special demurrer "to the plaintiff's petition and cause of action herein, and as reason therefor the said defendant says this honorable court does not have jurisdiction of the subject-matter of this action and is without legal right or authority to entertain said action." After this demurrer was overruled, the defendant filed an answer admitting the execution of the promissory note, the amount alleged to be due thereon, the execution and delivery of the chattel mortgage, and the assignment and transfer of the lease covering land in Ottawa county as additional security for the payment of the note. The defendant "specifically denies the jurisdiction of this honorable court" to foreclose the chattel mortgage and plaintiff's alleged lien on the lease, alleging that the leasehold, located in Ottawa county, "is an interest in real estate or chattel real, and is not the proper subject of a chattel mortgage * * * and that this honorable court has no jurisdiction to foreclose an alleged lien on an interest in real estate located in Ottawa county." The defendant further alleged that the buildings described in the chattel mortgage "stood on foundations that were imbedded in the soil of said leasehold and were affixed to said lands, incidental and appurtenant to land and immovable by law, and of the same character and dignity as the leasehold itself," and that "said property is not a proper subject of 'chattel mortgage,' and if the instrument purporting to be a mortgage on said property is construed as other than a chattel mortgage, then this honorable court does not have jurisdiction to foreclose an alleged mortgage or lien on said property, the same being located in Ottawa county, Okla."

Upon the issue thus joined there was no formal trial. The journal entry of judgment recites that it was stipulated and agreed in open court that the only question for the court to determine was its "jurisdiction" to foreclose the chattel mortgage and the lien upon the leasehold estate and improvements thereon located in Ottawa county, and that it was further stipulated that the buildings described in the chattel mortgage are removable by the defendant upon termination of said leasehold estate.

From a personal judgment in favor of plaintiff, and appointing a receiver and to foreclose the chattel mortgage and assignment of lease, the defendant appeals without supersedeas.

The defendant's brief says:

"There is only one question involved in this case, to wit: Is the property covered by the instrument captioned 'Chattel Mortgage' and the assignment of the lease 'real property', within the meaning of the law so that suit of foreclosure thereupon must be filed in the county where the property is located."

If real property, the applicable statute found in the chapter on "Venue of Actions" is section 109, O. S. 1931:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section:

"First. For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest.

"Second. For the partition of real property.

"Third. For the sale of real property under a mortgage, lien, or other incumbrance or charge.

"Fourth. To quiet title, to establish a trust in, remove a cloud on, set aside a conveyance of, or to enforce or set aside an agreement to convey real property."

Assuming the question is one of jurisdiction and not venue, the defendant impliedly admits that the district court of Washington county, wherein the defendant was summoned, had jurisdiction of the first cause of action, which sought a personal judgment upon the promissory note. He also impliedly admits that said county had at least concurrent jurisdiction of that part of the second cause of action which sought to foreclose a chattel mortgage on the accessories of the filling station (personal property, such as scales, show cases, cash register, refrigerator, etc.).

Since the buildings were removable by the defendant upon termination of his lease, they remained personal property (Welch v. Church [1916] 55 Okla. 600, 155 P. 620), and are the proper subject of a chattel mortgage (11 C. J. 445; Evans v. McMillan [1925] 111 Okla. 253, 239 P. 449; In re Ballard [1922] 279 Fed. 574). As against the plaintiff, the defendant is estopped to deny that the buildings are personal property (11 C. J. 445; Morgan v. Mozley [1924] 101 Okla.

21, 222 P. 515; Gordon v. Miller [1902] 28 Ind. App. 612, 63 N. E. 774).

If the buildings and accessories are personal property, section 109, supra, is not applicable to them.

Apparently, the Oklahoma statutes are similar to the Utah statutes, about which their Supreme Court says:

"We find no statutory requirement, express or implied, that an action for the foreclosure of a chattel mortgage must be commenced or conducted in a court for the county in which the property is located. This class of actions, as to jurisdiction and venue, are generally regarded as transitory, and may be brought in any court with equity powers, having jurisdiction over the mortgagors, regardless of where the property may be located." Emerson-Brantingham Implement Co. v. Giles (Utah 1918) 174 P. 181.

Is the assignment of the lease, given as additional security for the payment of the note, "real property" within the meaning of said section?

Article 2, Okla. Stat. 1931, in the chapter on Definition and Meaning of Words, defines the words "real property" as "co-extensive with lands, tenements and hereditaments"; the words "personal property" "include money, goods, chattels, things in action and evidences of debt." Section 26, O. S. 1931.

In sections 1789 and 1790, O. S. 1931, under the chapter on Crimes and Punishment, each of the above terms is given a broader meaning, section 1790, defining "real property" as including "every estate, interest and right in lands, tenements and hereditaments," but said sections are not applicable here. First National Bank of Healdton v. Dunlap (1927) 122 Okla. 288, 254 P. 729, 52 A. L. R. 126.

In the chapter on Estates in Real Property, it is provided that "estates for years are chattels real." Section 11751, O. S. 1931.

An oil and gas lease for a term of years is a chattel real, but not a "sale of realty" or "conveyance of real estate" within the contemplation of our probate statutes. Duff v. Keaton (1912) 33 Okla. 92, 124 P. 291, 42 L. R. A. (N. S.) 472. Because the assignee of an oil and gas lease voluntarily assumed the hazard of known conditions, the general rule of implied warranty in the sale of chattels did not apply. Tupeker v. Deaner (1915) 46 Okla. 328, 148 P. 853. Under our statute of frauds, section 9455, O. S. 1931, applying to leases "for a longer period than one year, or for the sale of real property, or of an interest therein," an oil and gas lease or assignment thereof must be in writing. Woodworth v. Franklin (1922) 85 Okla. 27, 204 P. 452. An assignment of an interest in an oil and gas lease is an "instrument affecting real estate" within the meaning of section 9695, O. S. 1931, in the chapter on "Conveyances," requiring "Every deed, or other instrument affecting real estate, executed by a corporation, * * * must be attested by the secretary or clerk of such corporation with the corporate seal attached." Bentley v. Zelma Oil Co. (1919) 76 Okla. 116, 184 P. 131. Under section 9661, O. S. 1931, in the chapter on "Conveyances," providing that "no deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife," an oil and gas lease on the homestead must be subscribed by both husband and wife. Carter Oil Co. v. Popp (1918) 70 Okla. 232, 174 P. 747; Treese v. Shoemaker (1921) 80 Okla. 235, 195 P. 766. An oil and gas lease grants "an estate in real property" within the contemplation of section 9967, O. S. 1931, in the chapter on Measure of Damages, which statute provides the measure of damages for breach of covenants "in a grant of an estate in real property." Nicholson Corporation v. Ferguson (1926) 114 Okla. 16, 243 P. 195. An oil and gas lease is not "real estate" within the contemplation of section 437, O. S. 1931, making judgments a lien "on the real estate of the judgment debtor. * * *" First National Bank of Healdton v. Dunlap (1927) 122 Okla. 288, 254 P. 729, 52 A. L. R. 126. And it is not "real property" within the contemplation of our partition statutes. Clark v. Mercer Oil Co. (1929) 139 Okla. 48, 281 P. 283.

A leasehold interest of several years in a hotel is not "real estate" within the contemplation of a statute providing that "An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission" shall be void, unless the agreement or some note or memorandum thereof be in writing, etc., and an oral agreement employing a broker to sell such leasehold is valid. Myers v. Arthur (1925) 135 Wash. 583, 238 P. 899; Guy v. Brennan (1923) 60 Cal. App. 452, 213 P. 265.

A farming leasehold estate for years is not "real property" under a statute making a judgment a lien on "all the real property" of the judgment debtor. Summerville v. Stockton Milling Co. (1904) 142 Cal. 538, 76 P. 243.

But, under a statute providing that in an

execution sale of real estate, "or any interest therein" (unlike the Oklahoma statutes), the judgment creditor shall deliver to the sheriff a statement of the property levied upon, its estimated value, and serve a copy on the judgment debtor, an attempted execution sale of a leasehold, being an interest in real estate, in the manner provided for personal property sales, is invalid. Reilley v. Anderson (1903) 33 Wash. 58, 73 P. 799. The court says:

"But while such an interest in land may partake of the nature of personalty, and may for some purposes be classified as such, yet it is competent for the Legislature to provide by statute that it must be sold under execution in the same manner as real estate, and the rule with relation to such a sale of a leasehold interest is stated as follows: 'Under statute in some jurisdictions leasehold interests are to be seized and levied upon as realty. But it seems to be the prevailing rule that, apart from statute, such interest should be levied upon as peronalty.' 11 Am. & Eng. Enc. of Law (2d Ed.) 629."

In Orchard v. Wright, etc., Store Co. (1909) 225 Mo. 414, 125 S. W. 486, 20 Ann. Cas. 1072, the Supreme Court of Missouri had under consideration a leasehold with an unexpired term of 16 years. The Missouri statute on sales under execution provided that:

"Every lease upon lands for any unexpired term of three years or more shall be subject to execution and sale as real property," etc.

It was held that although the leasehold was personal property, this statute must be construed as supplementing the probate statute so as to require the administrator of the lessee's estate to sell the same as real estate is sold. In McCaskey v. Duffley (Mo. 1934) 73 S. W. (2d) 188 (see, also, 78 S. W. (2d) 141), the Supreme Court of Missouri said:

"It is well settled by former decisions of this court, which gave the matter full and careful consideration, that 'a leasehold, whatever may be its duration in years, is personal property, and that our statutes do not operate to convert it into real estate' (citing cases)."

Under a statute providing that the will of a minor shall be ineffectual "to pass any interest or estate in lands, tenements, incorporeal hereditaments," it was held that a minor holding only a leasehold interest in land, which had devolved upon him by administration of his father's estate, could dispose of the same by will—the same being a chattel interest and personal property, and not an interest or estate in land within the contemplation of said statute. Holzman v.

Wager (1911) 114 Md. 322, 79 Atl. 205, Ann. Cas. 1912A, 619.

In Jeffers v. Easton, Eldridge Co. (1896) 113 Cal. 345, 45 P. 680, the Supreme Court of California held that "a term of years is only personal property,—a chattel real"; that the rules governing conveyances of real property do not apply to assignments of estates for years; that the statute as to implied covenants is expressly limited to a conveyance by which "an estate of inheritance or fee simple is to be passed"; and therefore an assignment of a term of years is governed by the rules applicable to the sale of personal property, and on such sale the seller impliedly warrants the title. And in J. S. Potts Drug Co. v. Benedict (1909) 156 Cal. 322, 104 P. 432, 25 L. R. A. (N. S.) 609, the rules applicable to the sale of personal property govern generally an assignment of a term for years.

The recent Montana case of Standard Oil Co. of California v. Idaho Community Oil Co. (Mont. Nov. 20, 1934) 37 P. (2d) 660 (former appeal: 95 Mont. 412, 27 P. (2d) 173), is interesting because it pertained to a mortgage on gasoline service stations erected on lands held under lease for a term of years—the lessee having the right to remove trade fixtures attached to the land at the expiration of the leases. The mortgage covering the service stations and all property of the mortgagor, whether real or personal, was recorded as a real estate mortgage and filed as a chattel mortgage. Section 8273 of the Montana Revised Codes 1921, as amended by Laws 1927, c. 39, permits corporations to execute mortgages on both real and personal property in one instrument, but it specifically provides that they should be governed by the law relating to mortgages of real property. The state of Montana was permitted to intervene in the foreclosure of the mortgage, and claimed a lien upon parts of the property (apparently the personal property) for amounts due it from the mortgagor for nonpayment of gasoline license taxes, subsequent in point of time to plaintiff's mortgage. On the last appeal, the intervener claimed the trial court "erred in classifying these leasehold interests, gasoline pumps, tanks, air compressors, and other appliances affixed to, or sunk into, the ground as 'real estate'." The last opinion points out that whether a leasehold interest is real or personal property depends upon the meaning of the particular statute involved; that under the Montana statutes a mortgage of a leasehold interest must be executed and recorded as a real estate mortgage, and that within the meaning of the

particular statutes involved the mortgage in question must be construed as a mortgage of real estate, and superior to the state's lien.

In Rodack v. New Moon Theatre (1923) 200 N. Y. S. 237, 121 Misc. Rep. 63, a leasehold for a term of 10 years (about 7 years to run) was held to be a proper subject of a chattel mortgage. The court said:

"By our statutes a lease for years is called a chattel real. General Construction Law, sec. 40; Real Property Law, sec. 33. It is not, however, real property, but is personal property (citing cases). The term 'real property,' as used in the first eight articles of the Real Property Law, is co-extensive in meaning with lands, tenements, and hereditaments, section 2. The recording acts are contained in article 9 of that law. For the purposes of that article only, chattels real, except a lease for a term not exceeding three years, are deemed to be real property. Section 290, subd. 1. This, however, does not change the character of the leasehold. State Trust Co. v. Casino Co., 19 App. Div. 344, 346, 46 N. Y. Supp. 492. * * * Section 708 of the Civil Practice Act provides that leasehold property, where the unexpired term is at least five years, is deemed to be real property. But again this designation is, by the terms of the section, applicable only to matters covered by that particular article of the act which relates to executions against property, article 43."

In Ashby v. Peters (1932) 124 Neb. 131, 245 N. W. 408, the Supreme Court of Nebraska says:

"While it is true that for the purposes of conveyancing a lease of more than one year is termed real estate and may be referred to as real estate in a highly technical sense, still it cannot be said that a lease for more than one year is real estate in the common acceptation of the term. In fact, this court has expressly stated the contrary. Mulloy v. Kyle, 26 Neb. 313, 41 N. W. 1117; Nelson v. Radcliffe, 110 Neb. 54, 192 N. W. 958; Zabriskie v. Greater America Exposition Co., 67 Neb. 581, 93 N. W. 958, 62 L. R. A. 369, 2 Ann. Cas. 687; Lindberg v. Bennett, 117 Neb. 66, 219 N. W. 851."

And in the recent case of Paul v. Cameron (Neb. 1934), 256 N. W. 11:

"Save for the purposes of conveyancing a lease of more than one year is not real estate."

In the instant case it is apparent that if any part of section 109, O. S. 1931, supra, is applicable, it is the third subdivision, to wit:

"For the sale of real property under a mortgage, lien or other incumbrance or charge."

The defendant admits that the leasehold in question is not real property, but he contends that said subdivision must be construed in connection with the first subdivision, which apparently applies to actions in ejectment, to the end that we should read into the third subdivision after the words "real property" the following: "or any estate or interest therein." We cannot thus assume legislative powers. Had the Legislature intended that the third subdivision apply to the foreclosure of a mortgage on any estate or interest in real property, it would have so provided by express terms. The fact that the first subdivision expressly includes any estate or interest in real property, while the third subdivision fails to do so, indicates that the Legislature was cognizant of the difference between "real property" and "any estate or interest therein," and intentionally limited the third subdivision to real property.

The defendant's leasehold on land in Ottawa county not being "real property" within the contemplation of the third subdivision of section 109, O. S. 1931, supra, the district court of Washington county, wherein the defendant was summoned, was the proper venue and had jurisdiction under section 117, O. S. 1931, to wit: "Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned, * * *" and the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. P. Hannigan, E. J. Gilder, and R. A. Hockensmith in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hannigan and approved by Mr. Gilder and Mr. Hockensmith, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.