SCHOOL BOARD — AFFINITY RELATIONSHIP Since the marriage of a school board member's daughter to a school board member's nephew is not a relationship of affinity or consanguinity of the board members, both may legally serve on a board of education simultaneously without violating the provisions of 70 O.S. 5-113 [70-5-113] (1971). The Attorney General is in receipt of your recent letter wherein you set forth the following factual situation: "Two members are serving on a school board. One member's daughter married the other member's nephew. Can both members legally serve on the board with this type of relationship?" Title 70 O.S. 5-113 [70-5-113] (1971), provides: "No person shall be eligible to serve on a board of education if he or she is related within the third degree by affinity or consanguinity to any other member of the board of education to which such ineligible person is elected or appointed, it being the purpose of this section to prohibit persons who are related within the third degree by affinity or consanguinity from serving simultaneously on the same board of education of any school district of this state." The above statute embodies a statutory proscription to those board members serving simultaneously on a board of education and related within the third degree of affinity or consanguinity. Your inquiry does not specifically raise the issue of consanguinity, but rather suggests a relationship of affinity. The doctrine of affinity is explained in the case of State v. Hooper, 140 Kan. 481, 37 P.2d 52, as follows: "Degrees of relationship by affinity are computed as are degrees of relationship by consanguinity. The doctrine of affinity grew out of the canonical maxim that marriage makes husband and wife one. The husband has the same relationship, by affinity, to his wife's blood relatives as she has to them by consanguinity and vice versa." The word consanguinity denotes relationship by blood and is the connection or relation of persons descended from a common ancestor. Hettinger v. State Deposit Trust Co. of Baltimore, Md., 79 A. 205. Accordingly, under the factual situation you outlined in your request, the two board members previously referred to are not related by affinity. The board members not being related within the third degree by affinity or consanguinity, it must be concluded that they are not prohibited by law from serving simultaneously on the same board of education. Your question, therefore, must be answered in the affirmative. It is, therefore, the opinion of the Attorney General that since the marriage of a school board member's daughter to a school board member's nephew is not a relationship of affinity or consanguinity of the board members, both may legally serve on a board of education simultaneously without violating the provisions of 70 O.S. 5-113 [70-5-113] (1971). (Nathan J. Gigger) (Nepotism)