RUMELY PRODUCTS COMPANY, Respondent, v. STAKKE et al., (Stakke, Appellant.)

(154 N. W. 828.)

(File No. 3784.	Opinion filed November 17, 1915.)

1. **Venue—Change of Venue—Statute Relating to, Rule of Construction of.**

   Statutes relating to change of venue should be liberally construed, so as to guarantee to a defendant the right to have any suit brought against him tried in the county of his or his co-defendant's residence.

2. **Courts—Municipal Courts—Change of Venue—Non-specific Statute—Circuit Courts, Change of Venue to—Statutes—Power of Courts to Order Change—Effectuating Legislative Intent.**

   Code Civ. Proc., Secs. 101, 102, as amended from time to time, give to a defendant the right, save in certain exceptional cases, to have an action against him tried in the county where he or some co-defendant resides, and provides the procedure for change of venue. Municipal Court Act (Laws 1907, Ch. 191), Sec. 34, provides that changes of venue may be asked and allowed in all cases in which same may be asked and allowed in circuit court, but does not designate the court to which such change shall be allowed. Sec. 27 of said act confers upon the court and judge all powers and duties of judges of circuit courts, in like cases, and extends all laws regarding commencement of actions, process, pleadings, practice, and modes of trial, enforcement of judgments and taxation of costs, to the Municipal Court, except as otherwise provided and except where inconsistent, etc. Held, that, the statutes having preserved, to parties litigant in municipal courts, all rights to change of venue given those in circuit courts, but having failed to expressly designate to what court such change may be taken, the courts themselves may designate the proper court, if there be one having requisite jurisdiction; since thus only can the legislative intent be carried out.

3.  **Constitutional  Law—Courts—Jurisdiction—Municipal  Courts—
Change  of  Venue  to  Circuit  Court—Exclusive  Original  Juris-
diction, Effect.**

Laws 1907, Ch. 191, Sec. 34, permitting changes of venue
from municipal courts in all cases where such changes are
allowable in circuit courts, and Sec. 27, conferring on muni-
cipal courts and judges the powers and duties of judges of cir-
cuit courts in like cases, and extending to municipal courts all
laws concerning actions, pleadings, and practice in circuit
courts, are not in conflict with Const., Art. 5, Sec. 23, con-
ferring on municipal courts exclusive original jurisdiction in
civil and criminal cases cognizable before justices of the peace
in certain cases, and of cases arising under city ordinances,
and jurisdiction in certain civil and criminal cases co-extensive
with the county in which such city is situated; it appearing
that the cause of action involved in this appeal is one over
which circuit courts have concurrent jurisdiction with muni-
cipal courts, and that trial court refused a change of venue
to circuit court.

Appeal from Municipal Court of Sioux Falls.  Hon. ALPHA
F. ORR, Judge.

Action by the Rumely Products Company, against Andrew O.
Stakke and another.  From an order overruling defendant's mo-
tion for change of venue, he appeals.  Reversed.

*Charles P. Bates,* and *Bulow & Bode,* for Appellants.

*Joe Kirby,* for Respondent.

(1) To point one of the opinion, Appellant cited:  State v.
Superior Court, 40 Wash. 443, 82 Pac. 875; Grimes v. Ericcson,
(Minn.) 99 N. W. 621.

(3) Under point three of the opinion, Respondent submitted
that:  Sec. 34, Ch. 191, Laws 1907, as well as the act approved
March 5, 1915, is in conflict with Sec. 23, Article 5, Constitution.

(2) To point two of the opinion, Appellant cited: Laws 1913,
Ch. 177, Sec. 102; Laws 1907, Ch. 191, Secs. 34, 37; Laws 1909,
Ch. 176; Code of Civ. Proc., Sec. 102; Laws 1913, Ch. 177; Clark
v. Baxter, 108 N. W. 838; Wright v. State, 5 Ind. 290; Lane v.
Burdick, 17 Wis. 95; Day & Greenwood, (Iowa) 64 N. W. 789.

Respondent submitted that:  The Legislature had, at the time
this case was before the trial court, failed to designate a tribunal
to which the venue might be changed; and cited: Benedict v.
Johnson, 4 S. D. 387; Austin v. Heiser, 6 S. D. 429.  That Sec.
34, Ch. 191, Laws 1907 (Municipal Court Act) is not complete.

WHITING, J.  Suing upon a cause of action of which both municipal and circuit courts have original jurisdiction, plaintiff brought this action in the municipal court of the city of Sioux Falls, Minnehaha county, the defendant being a resident of Union county, S: D.  Defendant, in strict conformity with the procedure prescribed by statute for change of venue in an action brought in circuit court, moved that the venue be changed to the county of his residence.  From the order overruling his motion this appeal was taken.

[1] Respondent contends that there are three reasons why the action of the trial court must be sustained:

"(a) The Legislature had, at the time this case was before the trial court, failed to designate a tribunal to which the venue might be changed.

"(b) Section 34 of chapter 191, Laws 1907 (Municipal Court Act), is not complete.

"(c) Section 34 above mentioned is in conflict with section 23, article 5 of the Constitution."

Sections 101 and 102, C. C. P., as originally enacted and as amended from time to time, give to a defendant the right, save in certain exceptional cases, to have an action brought against him tried in the county where he or some codefendant resides, and provide the procedure by which a change of venue to the proper county can be secured.  It is the uniform holding of all courts that statutes relating to change of venue should be liberally construed, so as to guarantee to a defendant this right to have any suit brought against him tried in the county of his or his codefendant's residence.  The reason for this is obvious.  If a defendant had no right to such change, then it would lie in the power of any attorney, who saw fit to disregard the fundamental proposition, lying at the basis of jurisprudence, that it is the intent of organized society that the courts and the weapons of procedure placed in their control shall be so used as to promote and not as to defeat justice, to bring an action in a corner of the state remote from the home of the defendant, and to so bring it for the sole purpose of rendering it inconvenient, if not impossible, for such defendant to fairly defend the same.  It needs no argument to show that any provision of law that would place such a weapon of oppression in the hands of the officers of our courts could not but

encourage the improper use of such weapon. Unless the clear·
reading of our statutes require it, we should place no such con-
struction upon them as would take from defendant this important
right and thereby make it possible that a great wrong be done
him.

Appellant has cited, in support of his contention, the case of
Clark v. Baxter, 98 Minn. 256, 108 N. W. 838; but respondent
contends that such decision is based upon section 4099, Revised
Laws of 1905, which section reads:

"The foregoing provisions relating to venue shall apply to
civil actions begun in municipal courts, * * * and upon a
change of venue being effected * * * the transfer shall be
made to the district court of the proper county."

Respondent is in error, as a reading of such decision will
show. The section above referred to was originally section 5191
of the General Statutes of Minnesota for the year 1894, and,
while such section was re-enacted in the Revised Laws of 1905,
the case of Clark v. Baxter arose prior to such re-enactment, and
at a time when said section 5191 had been repealed by chapter
143 of the General Laws of 1899. That act of 1899, being the
act in force and which controlled in the case of Clark v. Baxter,
provided:

"Civil actions and proceedings in said [municipal] court shall
be commenced and conducted as prescribed by the statute regulat-
ing the commencement, pleading, practice and procedure in the
district courts of this state, as far as the same may be applicable,
except, however, as in this act otherwise provided."

It will be seen that the provision of this section of the Min-
nesota statute was in substance the same as that of section 27 of
our Municipal Court Act, infra. The Minnesota court said:

"It is clear that proceedings to secure a change of venue are
within the words 'commencement, pleading, practice and proce-
dure,' more especially within the words 'practice and procedure.' "

While it is true that in Clark v. Baxter the question before
the court was the method of procuring the change of venue, rather
than the court to which the change could be taken, yet a reading
of the opinion therein clearly shows that the court recognized the
district court as the court to which any change could be taken,
and this though the statute, expressly naming the court to which

such change could be taken, had been repealed, thus leaving, as in this state, no express declaration of the court to which such change could be taken.

[2] It is true that the Legislature, at the time this case was before the trial court, had failed to directly designate the tribunal to which the venue of an action brought in municipal court might be changed. However, we do not think it necessarily follows that the court cannot determine to what courts the Legislature intended to allow such venue to be changed. Section 34 of the Municipal Court Act, being the section referred to by respondent, reads:

"Sec. 34. *Change of Venue.* Changes of venue may be asked and allowed in all cases in which the same may be asked and allowed in the circuit court, and when a change of venue is asked and allowed, or when the judge for any reason is disqualified from sitting in the trial of an action, either civil or criminal, he shall appoint a judge pro tempore for the trial of such action in the manner provided in section 33 of this act, before whom the action shall be tried."

It is perfectly clear that a mere change of the trial judge is not a change of venue; so, while such section provide that a change of venue may be asked and allowed in all cases in which the same may be asked and allowed in the circuit court, this section does not designate the court to which such change shall be allowed. Section 27 of the same act reads:

"Sec. 27. *Powers and Duties—Practice—Procedure—Rules.* Except as otherwise provided by this act, the court and the judge and clerk thereof shall have in matters within the jurisdiction of said court all the powers and duties of judges and clerks of the circuit court in like cases, and all laws now in force or hereafter enacted regarding the commencement of actions, process, the pleadings, the practice and the mode of trial, the enforcement of its judgments by execution or otherwise and the allowance and taxation of costs in the circuit court shall be deemed applicable to and be in force in the municipal court, except wherein the same may be inconsistent with the provisions of this act. *. * *"

. It is the contention of the appellant that, when you take these two sections in connection with the provisions of the Code of Civil Procedure hereinbefore mentioned, there is shown a clear purpose to allow a change of venue from a municipal court when-

ever, under the same circumstances, it would be allowed in a circuit court; and he moreover contends that, inasmuch as the only court existing in each and every county of the state, having concurrent jurisdiction with the municipal court over all causes of action cognizable in municipal court, except those over which such municipal court is given exclusive original jurisdiction, is the circuit court, it follows by necessary implication that it was the intent of the Legislature, as evidenced by all these provisions, to designate the circuit court of the proper county as the court to which a change of venue could be taken from a municipal court, at least where, as in this case, there was no municipal court in such county. The statutes having preserved, to parties litigant in municipal courts, all rights to changes of venue given to litigants in circuit court, but having failed to expressly designate to what court such change may be taken, it remains to the courts themselves to designate the proper court, if there be one having the requisite jurisdiction; thus only can the intent of the Legislature be carried out.

[3] But respondent strenuously contends that any law allowing a change of venue from a municipal court to the circuit court would be unconstitutional—that it conflicts with section 23, art. 5, Const.; and he particularly criticizes a certain act passed since this action was started. We do not feel called upon to construe that particular piece of legislation at this time. Respondent's contention seems to be based upon the fact that the Constitution gives to municipal courts *exclusive* original jurisdiction in certain cases and that no change of venue can be taken from a court having such exclusive jurisdiction to some *other* court. This contention might present a serious question for our consideration if the cause of action set forth in respondent's complaint was a cause over which the Constitution purported to give such exclusive jurisdiction; but it being a cause over which the circuit court unquestionably has concurrent jurisdiction, no conflict with the Constitution presents itself.

The order appealed from is reversed.