WOLFE, Respondent v. MONTGOMERY, Impleaded, Etc., Appellant.

(170 N. W. 158).

(File No. 4425.   Opinion filed December 31, 1918.)

1. **Claim and Delivery—Venue—Replevin, Cancellation, of Note— "Property Distrained," Statutes Construed.**

In a suit for recovery of possession of a promissory note, the complaint containing, in addition to a cause of action for money judgment for face value of the note, allegations warranting equitable relief in cancellation of the note, held, that, under Code Civ. Proc., Sec. 99, providing for trial of certain actions in the county "in which the subject of the action, * * *; is situated," subject to change of place of trial "in the cases provided by statute," among which causes is that of recovery of personalty "distrained for any cause," the action is local in character, and must be brought in the county in which the note is held; that while the action of replevin originally lay for recovery of chattels taken by distress, yet such action has been so extended that by it recovery of possession of personalty may be had regardless of how the other party came into possession.

2. **Same—Recovery of Note, Relief by Cancellation—Election of Remedy, Right to Exercise.** ·

In a suit for recovery of a promissory note, the complaint also alleging facts showing the right to a remedy by cancellation of the note, plaintiff may elect which relief he would seek, and might ask judgment for possession of the note—a more satisfactory remedy.

Appeal from Circuit Court, Minnehaha County.   HON. JOSEPH W. JONES, Judge.

Action by Francis A. Wolfe, against Mabel B. Montgomery, impleaded with the Security Trust and Savings Bank, a corporation, to recover possession of a promissory note, and for other relief.   From a judgment for plaintiff, and from an order denying a new trial, defendant Montgomery appeals.   Affirmed.

R. R. Hazen, and Davis, Lyon & Bradford, for Appellant.

*Boyce, Warren & Fairbank,* for Respondent.

(1) To point one of the opinion, Appellant cited:

Sec. 99, Code Cv. Proc.; Sec. 101, as amended by Chap. 283, Laws of 1909; 3 Kent's Commentaries 473 et seq; Acme Harvest-Machine Co. v. Hinkle, 122 N. W. 412; Smail v. Gilruth, 8 S. D. 287; Fargo v. Schraudenbach (S. D.) 167 N. W. 492.

Respondent cited:

Senn v. Connelly, (S. D.) 120 N. W., 1097.

(2) Under point two, Appellant submitted:

That this action is one in claim and delivery in name only, and was so denominated by the plaintiff for sole purpose of controlling venue and not for purpose of enabling him to secure possession of the property, is demonstrated by the fact that no affidavit, notice or undertaking in claim and delivery have been filed, and that possession of the property has not been taken; and cited:

Penton v. Hansen, 73 Pac. 843.

Respondent cited:

Shipley v. Reasoner, (Ia.) 45 N. W. 1077; Savery v. Hays, 20 Ia., 25; 89 Am. Dec. 511; Pritchard v. Norwood, (Mass.) 30 N. E. 80.

WHITING, P. J. Plaintiff gave his promissory note to defendant Montgomery, a resident of Tripp county, who sent it to defendant bank for collection. Such bank was located in Minnehaha county. Plaintiff brought this action in Minnehaha county, and, while praying for the possession of the note or, in case possession could not be had, for alternative relief in money judgment for face value of note, the allegations of his complaint set forth facts which would have entitled him to equitable relief by way of cancellation of the note. The defendant Montgomery moved that the venue of said action be changed to Tripp county, and, in support of such motion, submitted her affidavit showing her residence; alleging that this action, while termed one in replevin, was in truth "simply an action in equity, having for its purpose the cancellation of the promissory note;" and that she was entitled to have the place of trial thereof changed to the county of her residence. Plaintiff submitted an answering affidavit setting forth that the real purpose of such action was to gain possession of the note, and was brought in Minnehaha county because of the fact that the physical possession of such note was in the defendant bank in

said county. This appeal is from an order denying a change of venue.

[1] Appellant makes no claim that a promissory note is not a proper subject of replevin. Section 99, C. C. P., provides:

"Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by statute. * * *

. "4. For the recovery of personal property distrained for any cause."

Appellant contends that the above section has no application to the facts of this case, as it does not appear by the complaint that this personal property was "distrained." She says, "We are unable to discover any connection between the situation disclosed in this case and the common-law remedy of distress;" and she seems to argue that, because it does not appear by the complaint that defendant took this note as a distress, it does not appear that the above section has any application. It is certainly true that the action of replevin "originaly lay for the purpose of recovering chattels taken as a distress." Cobbey on Replevin, § 1. It is in this narrow sense that the word "distrained" is used in said section 99? No one will dispute but that the action of replevin has been extended so that, by it, one can recover the possession of any personal property to the possession of which he is entitled, and this regardless of how the other party came into possession thereof. If we should hold that the word "distrained" as used in said section 99 has the restricted meaning claimed by appellant, then we must hold that the action of replevin, as known to the early common law, must be brought in the county where the property was seized in distress proceedings, but that, where one seeks to replevin property, the possession of which had not been obtained from plaintiff through distress proceedings, plaintiff must bring his action in the county of the residence of the defendant, regardless of the situs of the property which is the subject of the action. We do not believe this to have been the intent of the lawmakers; but believe rather that the word "distrained," which undoubtedly was brought into the statute because of its relation to the old common-law action of replevin, has itself, by its use in this section and in view of the extended use of the action of replevin, expanded in its

meaning so that, as held in Byers v. Ferguson, 41 Or. 77, 68 Pac. 5, in construing a section identical with this one, it "undoubtedly signifies the holding of the personal property of another for any purpose whatever." And, as was said in this same case:

"The right to maintain an action in the nature of replevin in a given forum does not depend upon the place where the property is taken, but rests solely upon the county in which it is unlawfully held at the time the action is instituted. Such action is therefore local, and can only be prosecuted in the county where the property is distrained."

This was undoubtedly the view of the territorial court as disclosed by its opinion in Bonesteel v. Gardner, I Dak. 372 (356), 46 N. W. 590. It follows that the action, if one in replevin, was local in its character, and could only be brought in Minnehaha county.

[2] Was this action one properly in replevin? It certainly was. Plaintiff had a perfect right to elect which relief he would seek, and, therefore, while the facts alleged showed that he might have sought the cancellation of the note, he had a right to ask that the court give him the possession of the note—certainly a more satisfactory remedy. Savery v. Hays, 20 Iowa, 25, 89 Am. Dec. 511; Shipley v. Reasoner, 80 Iowa, 548, 45 N. W. 1077.

The order appealed from is affirmed.