KAYSER, Respondent, v. NELSON, Appellant.

(184 N. W. 361.)

(File No. 4900.   Opinion filed September 16, 1921.)

1.  **Venue—Damages for Alienation of Affection—Statute Re Trials in Defendant's County, Except for Conversion of Personalty or for "Damages to Persons or Property," Construed as "Damages for Injuries to Persons," Etc., and Substitution of "Injuries" for "Damages."**

In a suit for damages for alienation of plaintiff's wife's affections, trial court having refused to change the venue to the county of defendant's residence, held, under Sec. 2327, Code 1919, providing in substance that cases other than those specified in Secs. 2325, and 2326, the action should be tried in the county in which defendant resides, "except that actions for conversion of personal property, or for the recovery of damages to persons or property may at the option of the plaintiff be brought and tried in the county where the damages were inflicted or the cause of action arose," that the phrase "damages to persons or property," should be construed as though after the words "of damages" there were inserted the words "for injury" and as though the other word "damages" were changed to "injury;" the question being, what actions should be held to be included in "actions * * * for the recovery of damages for injury to persons?" and held, that while this phrase should be given broader construction as including injuries from libel, slander, assault, false imprisonment, fraud, etc., as well as some breaches of contract, all as involving breach of duty or violation of personal right, yet it does not follow that this or a like phrase should be given a construction wherever found in a statute.

2.  **Same—"Damages to Persons," Whether Including Physical Injuries Only, Or Every Violation of Personal Right or Breach of Duty—Former Alternative Approved.**

Said phrase "damages to persons" must either be held to include only "physical" injuries, or else to include every violation of personal right or breach of duty, and, therefore, that every action seeking any damages be brought in county where the damages (injuries) were inflicted or cause of action arose; but held, that such radical change was not intended by legislators because of the reference in such "exception" to "conversion of personal property" or "damages [injuries] to property * * *"; that the damages or injuries contemplated were physical; and trial court erred in refusing to change the venue.

Smith and McCoy, JJ., not sititng.

Action by William N. Kayser, against Harvey Nelson, to re-

cover damages for alleged alienation of plaintiff's wife's affections. From an order refusing to change the venue upon defendant's motion, he appeals. Reversed.

*Spangler & Wire,* for Appellant.

*Wicks & Quinn,* for Respondent.

(2) To point two of the opinion, Appellant cited: Lawyers Reports Annotated, 1916E, page 1090; Chap. 7, Art. 1, Part 9 of Title 2, Code 1919; Secs. 100, 795, Code 1919.

Respondent cited: Carrol v. Rye Township (N. D.) 101 N. W. 894; McMurtry v. Kentuncy Cent. R. Co. 84 Ky. 464, 1 S. W. 815; Morse v. Press Pub. Co. 71 N. Y. Supp. 348, 63 App. Div. 61; Delamater v. Russell (U. S.) 4 How. 234; Bennett v. Bennett, 116 N. Y. 584, 23 N. E. 17, 6 L. R. A. 553; Moberg v. Scott (S. D.) 161 N. W. 998, L. R. A. 1917D, page 732.

WHITING, J. Plaintiff seeks damages for the alleged alienation of his wife's affections. He brought action in the county where he alleges the wrong was committed. This was a county other than that of defendant's residence. Defendant, after proper demand, applied to the circuit court for an order changing the venue to the county of his residence. From an order refusing such change, this appeal was taken.

The sole question presented is the proper construction to be given to section 2327, R. C. 1919. In this state, as we think, in the majority at least of the Code states in the chapter of the Code relating to "Place of Trial" (sections 2325-2328, R. C. 1919), there is to be found a section (our section 2325) providing that certain actions should be tried in the county where the subject of the action is located, then a section (our section 2326) providing that certain other actions should be tried in the county where the cause of action arose; and then a section (our section 2327) that all other actions should "be tried in the county in which the defendant or defendants, or any of them, shall reside at the commencement of the action." By chapter 150, Laws 1915, what is now section 2327, there was added after the words above quoted— "except that actions for conversion of personal property, or for the recovery of damages to persons or property, may at the option of the plaintiff be brought and tried in the county where the damages were inflicted or the cause of action arose."

[1]   In construing this exception, it should be construed as though, after the words "of damages," there were inserted the words "for injury," and as though the other word "damages" was changed to "injuries." · What actions should be held to be included in "actions * * * for recovery of damages for injury to persons"? Respondent cites cases wherein, in construing statutes relating to various matters other than place of trial of actions, a broad meaning has been given to the phrase "injury to the person," whereby it is held to include all injuries to persons, whether ex contractu or ex delicto. Thus it would include injuries from libel, slander, criminal conversation, seduction, malicious prosecution, assault, battery, false imprisonment, negligence, fraud, deceit, as well as from breaches of contract, because the committing of either, of any tort or the breach of any contract whereby another suffers an injury, is the breach of a duty owing to, or the violation of a personal right of, such other person. That this phrase should be given such a broad construction when found in certain statutes must be conceded. Thus we held in ·Moberg v. Scott, 38 S. D. 422, 161 N. W. 998, L. R. A. 1917D, 732, that "injuries done to one in his person" included an "injury to one's personal rights as well as physical injuries to the person." But it does not follow that this or any like phrase should be given such a construction wherever found in a statute. .

[2]   Either we must hold that this phrase "damages to persons" includes only "physical" injuries, or else we must hold that it includes every violation of a personal right or breach of duty, and therefore that every action seeking money damages be brought "in the county where the damages [injuries] were inflicted or the cause of action arose." Was such a radical change intended by the legislators? We think not. If so, why any reference in such "exception" to "conversion of personal property" or "damages [injuries] to * * * property"? If we give the phrase "damages to persons" the broad construction urged by respondent, we make needless any reference to conversion or injury to property, as they would be included in "damages to persons". Certainly the "damages" or "injuries" to "property" in the minds of the legislators were "physical"; and we can fairly assume that it was because they had in mind only "physical" injuries to persons that

they made the otherwise unnecessary reference to "conversion of personal property" and "damages to persons."

The order appealed from is reversed.

SMITH and McCOY, JJ., not sitting.