FARGO, Appellant, v. MORGAN, Respondent.

(208 N. W. 575.)

(File No. 5648.  Opinion filed April 16, 1926.)

**Venue—Trial—Deceit—Action for Damages for Breach of Warranty in Sale of Hogs Infected with Cholera Held One for Deceit, and Triable in County of Defendant's Residence, Notwithstanding that Plaintiff Sought Damages for Infection of His Hogs by Those Purchased (Rev. Code 1919, Secs. 796, 2327).**

Action for damages for breach of warranty in sale of hogs infected with cholera held one for deceit under Rev. Code 1919, Sec. 796, and hence triable in county of defendant's residence, in view of Sec. 2327, where wrong was not committed in county of plaintiff's residence; it being immaterial that plaintiff also sought damages for infection of his hogs by those purchased.

---

Note.—See, Headnote, American Key-Numbered Digest, Venue, Key-No. 8, 40 Cyc. 96.

Appeal from Circuit Court, Clay County; Hon. R. B. Tripp, Judge.

Action by A. J. Fargo against M. N. Morgan. From an order changing the place of trial, plaintiff appeals. Affirmed.

*Orvis & French,* of Yankton, for Appellant.

*Williamson, Williamson & Smith,* of Aberdeen, for Respondent.

MISER, Circuit Judge. The issue in this case is the right of a change of venue in an action brought in Clay county by a resident of that county against a resident of Brown county. The defendant shipped from Brown county to Gayville, Yankton county, a carload of stock hogs. Plaintiff, desiring to purchase stock hogs, had negotiations in Gayville with defendant with reference to the purchase of part of the hogs.

The complaint alleges that defendant, in order to induce plaintiff to purchase, warranted and stated that the hogs were not sick and made other representations, in reliance upon which plaintiff purchased part of the hogs. The hogs in fact were infected with cholera and began to die with that disease the second day after their purchase. Plaintiff immediately after buying said hogs removed them to his farm in Clay county, where he had other hogs, which became infected with the disease from the hogs so purchased. Plaintiff asked damages in the sum of $1,550.26, of which $475.70 was damages through the loss of the hogs so purchased, $39.56 of which was for money lost in having said hogs vaccinated in an effort to save the same, and $1,035 was for the loss of hogs on plaintffi's Clay county farm through cholera communicated to them from the hogs so purchased from defendant

After the service of a complaint upon the defendant containing the allegations as aforesaid, upon motion duly made for change of venue, an order was made changing the place of trial from Clay county to Brown county. It is from this order changing place of trial that the appeal is taken, plaintiff contending that this is an action in part at least for the recovery of damages for injury to property, and that consequently under section 2327, R. C. 1919, it might be brought and tried in Clay county, where the injuries, so far as the hogs already owned were concerned,

were inflicted. Defendant and respondent contend, however, that a reading of plaintiff's complaint discloses that the wrong or cause of action alleged is a deceit under section 796 of the Revised Code of 1919, and that though, as an element of special damages, plaintiff alleges damages to property, the cause of action still remains one wherein plaintiff seeks damage for deceit. Jerome v. Rust, 122 N. W. 344, 23 S. D. 409.

Under the construction which this court has heretofore given to section 2327, supra, in Kayser v. Nelson, 184 N. W. 361, 44 S. D. 533, we are of the opinion that respondent is right. In the light of this case, the pertinent part of section 2327 would read thus:

"In all other cases the action shall be tried in the county in which the defendant shall reside at the commencement of the action, except that actions for the recovery of damages for injury to property, may at the option of the plaintiff be brought and tried in the county where the injuries were inflicted or the cause of action arose."

But appellant contends that notwithstanding the holding of the court in Kayser v. Nelson, supra, yet it does not determine the law in this case, because actions to recover damages caused by bodily injuries—as distinguished from actions to recover for invasion of personal rights, considered in the Kayser v. Nelson Case—are a separate and distinct class of action from actions to recover damages caused by injuries to property.

Be that as it may, the same rule of reason should apply to the case at bar as was applied in the case of Kayser v. Nelson, and that rule was well stated in Rumely Products Co. v. Stakke, 154 N. W. 828, 36 S. D. 330, where the court held:

"Sections 101 and 102, C. C. P. (the source of present sections 2327 and 2328, R. C. 1919), as originally enacted and as amended from time to time, give to a defendant the right, save in certain exceptional cases, to have an action brought against him tried in the county where he or some codefendant resides."

And after citing instances wherein a contrary rule might be made a weapon of oppression, the court says:

"Unless a clear reading of our statutes require it, we should place no such construction upon them as would take from defendant this important right."

In the case at bar the wrong—that·is,.the cause of action— was committed in Yankton county, not Clay county; the defendant neither directly nor indirectly committed a wrong upon plaintiff in Clay county, though the consequences of the wrong done in Yankton county were damages in Clay county. For this reason the trial court was clearly right in changing the venue from Clay county to Brown county, where defendant was entitled under section 2327 to have it tried.

The order changing the venue as aforesaid should be affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.