WAKPALA STATE BANK OF WAKPALA, Respondent, v. TACKETT et al, Defendants (Rugg, Appellant).

(210 N. W. 199.)

(File No. 5804.   Opinion filed October 11, 1926.)

**Venue—There Was No Abuse of Discretion in Refusing Change of Venue for Convenience of Witnesses, Where It Appeared Defendant Expected to Litigate Again, Upon Testimony of Such Witnesses, Very Questions Which He Admitted to Have Been Decided in Another Case.**

There was no abuse of discretion in refusing change of venue on ground of convenience of witnesses, where defendant's answer showed that he expected to prove by such witnesses one of his defenses that certain land sale was void and that he had no notice of said contract, and another defense set forth findings and decree in another case adjudging said contract to be valid and establishing fact that defendant had notice thereof.

---

Note.—See, Headnote, American Key-Numbered Digest, Venue, Key-No. 52(4), 40 Cyc. 137.

Appeal from Circuit Court, Tripp County; HON. N. D. BURCH, Judge.

Action by the Wakpala State Bank of Wakpala against W. H. Tackett, Isaac Skunk, and E. W. Rugg. From an order denying an application of change of place of trial, defendant Rugg appeals. Affirmed.

*Morrison & Skaug*, of Mobridge, for Appellant.

*W. J. Hooper*, of Gregory, for Respondent.

MCIRIARTY, C. This action grows out of the same transactions as were involved in the case of Tackett v. Skunk et al, 50 S. D. 378, 210 N. W. 198, in which the opinion of this court is handed down simultaneously herewith.

From an order denying an application for change of place of trial defendant E. W. Rugg appeals. The application was made by appellant Rugg on the ground of the convenience of witnesses. The affidavits of appellant and one of his attorneys set forth a list of ten witnesses, in addition to the defendants Rugg and Skunk, allege that said witnesses are necessary witnesses to prove appellant's defense, that said witnesses reside in Corson and Walworth counties, show the great distances said witnesses would be required to travel in order to be present at the trial if held in Tripp county, the amount of time which would be consumed in going to and returning from such place of trial, and the great expense which appellant would be required to incur if obliged to secure the attendance of these witnesses at a trial in Tripp county. In these affidavits there is a statement of what appellant expects to prove by these witnesses collectively, but there is no showing of what any individual witness is expected to testify. The statement amounts to saying that appellant expects to prove all the elements of his several defenses by each of these witnesses.

An inspection of appellant's answer shows that one of his defenses is that a certain land sale contract between the defendants Tackett and Skunk is void and of no force or effect, and this he says he can show by these witnesses But in one of the defenses set up in his answer, appellant sets forth in full the findings, conclusions, and decree in the case of Tackett v. Rugg et al., above referred to, an action in Corson county, adjudging the said contract to be valid. His showing is to the further effect that the defendant Skunk deeded to him the land covered by the contract between Skunk and Tackett, and that he expects to prove by the witnesses named in his affidavit that at the time he took said deed from Skunk he had no notice, actual or constructive, of the contract between Skunk and Tackett. Yet the findings and decree in the case tried in Corson county, as shown by appellant's answer, adjudicated that question and established the fact that appellant did have actual notice of the contract at the time

he accepted the deed from Skunk. From all his showings taken in connection with his answer in this case it is apparent that appellant asks the removal from Tripp county to Corson county for the convenience of witnesses by whom he expects to litigate again the very questions which he admits to have been litigated in the case of Tackett v. Rugg et al, in the circuit court of Corson county.

The affidavit of defendant Tackett, resisting the application for change of place of trial, states that said defendant is a resident of Tripp county, and the affidavit of W. J. Hooper, attorney for respondent bank, refers to Tackett's answer and states that the only question which can be tried in the instant case is whether the defendant Skunk executed the order assigning the funds to said respondent, and that said defendant Skunk is the only witness who could give competent testimony as to that.

The granting of a change of venue on the ground of convenience of witnesses is largely within the discretion of the court, and in passing upon the question the trial court has a right to consider the issues joined by the pleadings.

The trial court did not abuse its discretion in denying appellant's application.

The order appealed from is affirmed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J. CAMPBELL, J., concurring in result: