NEDVED, Appellant, v. NEDVED, Respondent.

(238 N. W. 643.)

(File No. 7178. Opinion filed October 25, 1931.)

*Lynch, Doyle & Mahoney,* of Sioux Falls, for Appellant.

*R. C. Baker,* of Lake Andes, and *Conway, Feyder & Conway,* of Sioux Falls, for Respondent.

CAMPBELL, J. Defendant, Fred Nedved, is a resident of Charles Mix county, S. D. September 15, 1929, his wife, Marguerite Nedved, the plaintiff, instituted the present action against him seeking a divorce. Plaintiff instituted her action in Minne-

haha county, S. D.  Within the statutory time defendant, in due form, demanded change of venue to the county of his residence. Plaintiff resisted that demand, and made a showing by affidavits seeking to have the case retained in Minnehaha county, S. D., on the ground of convenience of witnesses.  The trial court very properly (Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452; George v. Kotan, 18 S. D. 437, 101 N. W. 31; Ivanusch v. Great Northern Ry. Co., 26 S. D. 158, 128 N. W. 333) refused to consider at that time and upon that application any question of convenience of witnesses, and made and entered its order removing the case to the county of defendant's residence.  Defendant answered, and issue was joined.  Thereafter, and on June 27, 1930, plaintiff petitioned the circuit court of Charles Mix county to remove the cause to Minnehaha county, S. D., where plaintiff is domiciled, upon the ground of convenience of witnesses, and made a showing in support of that application.  The application was resisted by defendant, and the matter having come on for hearing, an order was duly made and entered denying the application of plaintiff, from which order plaintiff has now appealed.

██ The matter of granting or refusing an application for change of venue, made upon the ground of convenience of witnessess, lies very largely within the sound judicial discretion of the court to whom it is addressed.  The action of the court thereon will not be reversed upon appeal unless a clear abuse of such discretion appears.  Wakpala State Bank v. Tackett, 50 S. D. 385, 210 N. W. 199; Curren v. Story, 41 N. D. 361, 170 N. W. 875.

To rehearse in this opinion the showings made by the respective parties below would prolong the opinion unduly and serve no good purpose.  We have examined the record with care, and it is sufficient to say that not only has appellant failed to convince us that the learned trial judge in any degree abused his discretion, but, on the other hand, we are affirmatively persuaded that he exercised it properly.

The order is affirmed.

POLLEY, P. J., absent and not participating.
ROBERTS, WARREN, and RUDOLPH, JJ., concur.