71 Cal.Rptr. 202]

[Civ. No. 11952.    Third Dist.,    Aug. 16, 1968.]

STAUFFER CHEMICAL COMPANY, Petitioner, v. THE SUPERIOR COURT OF SISKIYOU COUNTY, Respondent; GLEN ARTHUR et al., Real Parties in Interest.

(1)

Cushing, Cullinan, Hancock & Rothert and Stephen H. Slabach for Petitioner.

No appearance for Respondent.

Newton & Newton, Michael P. Newton and Mitchell Boyd for Real Parties in Interest.

FRIEDMAN, J.—Petitioner Stauffer Chemical Company is a defendant in nine separate suits seeking damages allegedly caused by an agricultural weed killer. Although all the plaintiffs farmed in Modoc County, they filed the suits in Siskiyou County where a codefendant resided. Stauffer moved to change venue to Modoc County. In four of the suits the plaintiffs were landowners, alleging damage to their soil as well as to their growing crops. These four suits were transferred to Modoc County as actions for injury to real property. (Code Civ. Proc. § 392.) The other five actions were brought by lessees, alleging damage to their growing crops of potatoes and wheat. The trial court denied the motions in the latter five actions, ruling that these were transitory and could be tried where a codefendant resided. (Code Civ. Proc., § 395.) Stauffer seeks mandate to compel the venue change in the latter five actions.

Stauffer grounds its claim for relief on the contention that growing crops are real property for venue purposes, venue being controlled by Code of Civil Procedure, section 392, subdivision (1).[1]

---

[1]Code of Civil Procedure, section 392, subdivision (1), provides in part: "(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions: (a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property;"

An action to recover damages for physical injury to real property is a local action, venue being governed by section 392. (1 Witkin, Cal. Procedure (1954), Actions, § 197, p. 712.) Like its statutory counterparts in other states, section 392 declares a common law doctrine. With minor exceptions, decisions in the other states view a landowner's or tenant's suit for damages to growing crops as a real property action, venue lying in the county of the land situs. (*Western Union Tel. Co.* v. *Bush* (1935) 191 Ark. 1085 [89 S.W.2d 723]; *Christenson* v. *Town of Dollymount* (1954) 241 Minn. 409 [63 N.W.2d 367]; *Tracy* v. *King* (Tex. Civ. App. 1952) 249 S.W.2d 642; Note: 103 A.L.R. 374; 21 Am. Jur.2d, Crops, § 70, p. 659; 92 C.J.S., Venue, § 29, p. 736.)

Neither California precedent nor policy calls for a venue rule diverging from those established in other states. Growing crops are regarded as part of the realty for some purposes, as personalty for others. (*Wilson* v. *White* (1911) 161 Cal. 453, 460 [119 P. 895]; *Carey* v. *Glenco Citrus Products* (1965) 235 Cal.App.2d 572, 578 [45 Cal.Rptr. 365].) The general rule is that growing crops are a part of the realty as long as unsevered. (*List* v. *Sandell* (1941) 42 Cal.App.2d 505, 507 [109 P.2d 376]; see also *Silveira* v. *Ohm* (1949) 33 Cal.2d 272, 274-275 [201 P.2d 387].) No California decision discusses this characterization in the context of a venue controversy. *Wolfe* v. *Wallace* (1957) 154 Cal.App.2d 523 [316 P.2d 697, 65 A.L.R.2d 1264], classes an action as local, where the defendant cut and carried trees and was sued for the loss of land value. (See Note: 65 A.L.R.2d at p. 1268.) Another California decision states, *arguendo*, that the landowner has the alternative of bringing a personal, transitory action for the value of timber or ore removed by a trespassing defendant or a local action for damage to the freehold, the latter triable only where the land is situated. (*Ophir Silver Min. Co.* v. *Superior Court* (1905) 147 Cal. 467, 473-474 [82 P. 70, 3 Ann.Cas. 340].)

Whatever its origin in history or custom, the venue rule governing actions for injury to real property usually promotes the convenience of the court, litigants and witnesses. It points to the most convenient forum as an original matter, relieving the defendant of the burden of demonstrating convenience. To this extent a lawsuit for an injury to growing crops has the same characteristics as one for injury to the land or buildings. Thus policy considerations support the rule

adopted in other states. Such an action, we conclude, is governed by Code of Civil Procedure section 392.

Real parties in interest (plaintiffs in the five actions) seek to distinguish *Wolfe* v. *Wallace, supra,* adverting to the traditional distinction between trees or perennial crops (*fructus naturales*) and annual crops (*fructus industriales*). They rely upon subdivision (4) of Civil Code section 658, which defines real property but "for the purposes of sale" excepts industrial growing crops which are agreed to be severed before sale. (See also, Civ. Code, § 660; Com. Code, § 2105.) Such common law and statutory declarations create fictions of law in order to arrive at just results in particular situations. (*City of Los Angeles* v. *Hughes* (1927) 202 Cal. 731, 737 [262 P. 737].) They demonstrate only that the law classifies growing crops as personalty for certain purposes, not necessarily for the purpose of venue.

The complaints were framed in various counts according to theories of negligent injury, negligent breach of contract and breach of warranty. In four of the five actions a local dealer residing in Siskiyou County was charged as defendant in breach of warranty counts. (The dealer, however, joined in Stauffer's change of venue motion.) The addition of breach of warranty counts does not transform these lawsuits into local-transitory, i.e., mixed, actions triable at the dealer's residence. The subject matter of the action determines whether venue is governed by section 392. (*Standard Brands of Cal.* v. *Bryce* (1934) 1 Cal.2d 718, 720 [37 P.2d 446].) The injury to the real property (growing crops) is the subject matter of the action, although the injury may have been caused by breach of warranty. Hence, the breach of warranty counts do not present a transitory cause of action. (*Coley* v. *Hecker* (1928) 206 Cal. 22, 27-28 [272 P. 1045]; *Wick* v. *Mattisnon* (1962) 207 Cal.App.2d 608, 610 [24 Cal. Rptr. 677]; see also, *Brown Materials Co., Ltd.* v. *Angus* (1937) 20 Cal.App.2d 32, 37 [66 P.2d 470].)

Let a writ of mandate issue as prayed.

Pierce, P. J., and Regan, J., concurred.