ANDY DOYLE *v.* RANDALL WILLIAMS, JUDGE

5-5694                                    475 S.W. 2d 170

Opinion delivered January 17, 1972

*Highsmith, Harkey & Walmsley,* by: *Allyn C. Tatum,* for petitioner.

*Ray Thornton,* Attorney General; *Mike Wilson,* Deputy Atty. Gen. and *John D. Bridgforth,* Asst. Atty. Gen., for respondent.

FRANK HOLT, Justice. The only issue before us relates to the venue of a cause of action which was brought by an agency of the State of Arkansas against the petitioner, Andy Doyle, seeking a declaratory judgment construing a lease between the State and the petitioner.

The Arkansas Department of Correction leased to petitioner Doyle approximately 3,300 acres of farm land with an assigned rice allotment of 600 acres. Subsequent to the execution of this lease the United States Department of Agriculture reduced the total rice allotment for all the state penitentiary farm lands. The Department of Correction took the position that petitioner's rice acreage allotment should be proportionately reduced under their lease agreement. Upon the refusal of the petitioner to agree with this interpretation of the lease and to proportionately reduce his rice acreage, the Department of Correction, through the Attorney General, filed an action seeking a declaratory judgment construing the lease in its favor. The petitioner is a resi-

798

dent of Jackson County and contends that the suit for interpretation of the lease should be brought by the State in the county of his residence pursuant to Ark. Stat. Ann. § 34-201 (Repl. 1962) and not in Jefferson County where the land lies. The respondent court held that the declaratory judgment action involved an interest in land and, therefore, § 27-601 requires that the action must be brought in the county where the land is situated. Thereupon the petitioner filed in this court a petition for writ of prohibition seeking an order to prevent the Jefferson Circuit Court, the respondent, from proceeding further in this action.

The pertinent part of § 27-601 provides: "Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated, * * * First. For the recovery of real property, or of an estate or interest therein."

In its complaint the plaintiff [Arkansas State Department of Correction] sought a declaratory judgment interpreting the rice acreage under the terms of a lease agreement between it, the landlord, and petitioner, the tenant. No other relief was asked in the complaint. Since this controversy pertains only to the interpretation of a leasehold, we hold that, for venue purposes, it does not involve the recovery of an interest in real property. See *Jones v. Brinkman,* 200 Ark. 583, 139 S. W. 2d 686 (1940): *Edwards v. Bernstein,* 21 S. W. 2d 133 (Ky. 1929); 56 Am. Jur., Venue, § 13.

It follows that venue, in the case at bar, is controlled by § 34-201 which requires that this action be brought by the State in the county where petitioner resides.

Writ granted.

HARRIS, C. J., and BROWN, J., dissent.

CARLETON HARRIS Chief Justice, dissenting. I disagree with the conclusion reached by the majority and am firmly of the opinion that the venue of this action is

controlled by Ark. Stat. Ann. § 27-601 (Repl. 1962) which, *inter alia,* provides that actions for the recovery of real property, or of an estate or interest therein, must be brought in the county in which the land is located.

My disagreement is based on the fact that it has been definitely determined that an acreage allotment is made to the farm and therefore runs ·with the land. In *McClung* v. *Thompson,* 401 F. 2d 253 (1968), a case arising in Arkansas, the United States Court of Appeals for the Eighth Circuit stated:

"It is our view that a rice allotment runs with the land, is a part of it, and cannot effectively be transferred by one person to another, nor can it be transferred to other land except by complying with the procedural requirements of the regulations, which was not done in this case. \* \* \* \*

Likewise, the regulations provide that crop allotments are made to the land and not to the individual farmer. Certain states are designated as 'producer states' and other as 'farm states.' Arkansas is classified as a 'farm state.' 7 C. F. R. § 730.1511 (m). This means that 'farm rice allotments are determined on the basis of past production of rice on the farm and the rice allotments previously established for the farm in lieu of past production of rice by the producer and the allotments previously established for the producer. \* \* \* \*

*Federal and state courts are in accord in holding that acreage allotments under the Agricultural Adjustment Act and the applicable regulations run with the land*[1] and that such allotments cannot be affected by bargains between individual farm owners. *Hart* v. *Hassel,* 250 F. Supp. 893, 897 (E. D. N. C. 1966); *Williamson* v. *Holland,* 232 F. Supp. 479, 483 (E. D. N. C. 1963); *Luke* v. *Review Committee,* 155 F. Supp. 719, 723 (W. D. La. 1957); *Allen* v. *Benson,* 192 So. 2d 622 (La. App. 1966); *Duncan* v. *Black,* 324 S. W. 2d 483, 485 (Mo. App. 1959); *Mace* v. *Berry,* 225 S. C. 160, 81 S. E. 2d

---

[1]My emphasis.

276 (1954); *Lee* v. *Berry*, 219 S. C. 346, 65 S. E. 2d 257 (1951)."

Since the allotment is an interest in land, and since the land affected is located in Jefferson County, I agree entirely with the Jefferson County Circuit Court that Jefferson County is the proper county for venue.

I therefore respectfully dissent.

I am authorized to state that Brown, J., joins in this dissent.