AMERICAN ADVERTISING COMPANY,
Plaintiff and Respondent,

v.

STATE of South Dakota, By and Through
its DEPARTMENT OF TRANSPORTA-
TION, Defendant and Appellant.

No. 12521.

Supreme Court of South Dakota.

Submitted on Briefs April 19, 1979.

Decided June 14, 1979.

George S. Mickelson and Richard J. Hel-
sper of McCann, Martin & Mickelson,
Brookings, for plaintiff and respondent.

William J. Janklow, Atty. Gen., Camron
D. Hoseck, Carl W. Quist, Asst. Atty. Gen.,
Pierre, for defendant and appellant.

FOSHEIM, Justice.

The plaintiff, American Advertising Company (American), brought this action in Hughes County seeking damages for the value of billboards which it claims were taken down and destroyed by defendant, South Dakota State Department of Transportation (Department). The Department moved for a change of venue to the four separate counties in which the billboards were located. The trial court denied the motion, and the Department appeals from that intermediate order.

The Department desired to widen the right-of-way along the highways where American's signs were located. American alleges that the Department, without compensation, took down and destroyed four of American's signs which were located in Day, Butte, Beadle and Davison Counties.

The only issue on appeal is whether the trial court should have granted the Department's motion for a change of venue to the several counties where the signs were located.

The complaint alleges that in each county the destroyed signs were owned by the plaintiff and located on leased land. The Department claims this makes it an action for injuries to real property under SDCL 15–5–1(1) which must be tried in the county where the land is situated. Leasehold estates ordinarily do not constitute real property, or an interest in real property, within the meaning of the venue statute. *Doyle v. Williams,* 251 Ark. 797, 475 S.W.2d 170 (1972) (Interpretation of lease of real estate); *Rose's Stores, Inc. v. Tarrytown Center, Inc.,* 270 N.C. 201, 154 S.E.2d 320 (1967) (Action for violation of lease); *Widick v. Phillips Petroleum Co.,* 173 Okl. 325, 49 P.2d 132, 104 A.L.R. 228 (1935) (Action between

adverse claimants to oil and gas lease); 77 Am.Jur.2d Venue § 14 at 851 (1975). Even if plaintiff had owned the real property where the signs were located it could nevertheless choose to waive all claims for damages to the freehold and maintain an action to recover only the value of the personal property after severance and removal. Such a cause of action is transitory. *Horne v. Howe Lumber Co.,* 209 Ark. 202, 190 S.W.2d 7 (1945). See also *Stauffer Chemical Co. v. Superior Court,* 265 Cal.App.2d 1, 71 Cal.Rptr. 202 (1968); *Ophir Silver Mining Co. v. Superior Court,* 147 Cal. 467, 82 P. 70 (1905); annot., 42 A.L.R. 196, 217 (1926), supplm. 30 A.L.R. 1219, 1223 (1953); 77 Am.Jur.2d Venue § 19 (1975).[1]

■ By bringing this action in Hughes County plaintiff has acknowledged that neither its leases nor its ownership of the signs constituted an interest in the real property on which the signs were located for venue purposes, or notwithstanding such a claimed interest, it has elected to recover only the value of the signs after removal. In either case this is not an action for injuries to real property under SDCL 15–5–1(1).

■ We next turn to the Department's contention that this is an action for damages to property which, according to SDCL 15–5–8, should be tried in the county where the damages were inflicted or the cause of action arose. Subject to the power of the court to change the place of trial in those cases provided by statute, the provisions of SDCL ch. 15–5 fix a definite place of trial for various actions and render the venue optional with the plaintiff in certain other cases. *Herron v. Fox,* 67 S.D. 36, 288 N.W. 459 (1939). Under the construction which this court has given to SDCL 15–5–6[2] and 15–5–8[3] in *Fargo v. Morgan,* 50 S.D. 94, 208

1. While some of these authorities relate to jurisdiction rather than venue, they support the conclusion that such actions are transitory.

2. SDCL 15–5–6:

In all other cases, except as provided in § 15–5–7 or § 15–5–8, the action shall be tried in the county in which the defendant or defendants, or any of them, shall reside at the commencement of the action; provided, how-.

ever, that if none of the defendants reside in the state, the action may be tried in any county which the plaintiff shall designate in his complaint, subject, however, to the power of the court to change the place of trial in the cases provided by statute.

3. SDCL 15–5–8:

Actions for conversion of personal property, or for the recovery of damages to persons

N.W. 575 (1926) and *Kayser v. Nelson,* 44 S.D. 533, 184 N.W. 361 (1921), the pertinent parts now read:

In all other cases the action shall be tried in the county in which the defendant shall reside at the commencement of the action, [except that] [a]ctions for the recovery of damages [for injury] to property, may at the option of the plaintiff be brought and tried in the county where the [injuries] were inflicted or the cause of action arose.

The nature of an action when the place of trial is in question is determined by the allegations of the complaint. *Meihak v. Schreckenghaust,* 67 S.D. 603, 297 N.W. 122 (1941). The complaint of plaintiff alleges physical injury to the billboards which particularly adapts the case to the meaning given SDCL 15–5–6 and 15–5–8 in *Kayser v. Nelson,* supra, and *Fargo v. Morgan,* supra. See also 92 C.J.S. Venue § 20 at 708–709 (1955). Such statutes, when read together, authorized plaintiff to bring the action in the county where the defendant resides or in the county where the injuries were inflicted, or the cause of action arose. We are not faced with the concern expressed in *Rumely Products Co. v. Stakke,* 36 S.D. 330, 154 N.W. 828 (1915) and *Fargo v. Morgan,* supra, that to avoid allowing these statutes from becoming a weapon of oppression they should be liberally construed so as to favor a trial in the county of a defendant's residence. On the contrary, the defendant here seeks to change the place of trial to four separate counties where the injuries were inflicted or the cause of action arose.

In an apparent effort to avoid trials in several counties the plaintiff properly elected to venue the case in Hughes County.

■ The defendant's argument that this is an action for "recovering personal property distrained" must also fail. The word "distrained" signifies the holding of the personal property of another for any purpose whatever. *Wolfe v. Montgomery,* 41

S.D. 267, 170 N.W. 158 (1918). This is not an action for the recovery of personal property. The complaint alleges the property for which damages are sought has been destroyed. *Herron v. Fox,* supra.

■ We have reviewed the other contentions of appellant. In view of this decision the only remaining issue which warrants discussion is the finding of the trial court that the convenience of witnesses and the ends of justice would not be promoted by the change of venue proposed by the defendant pursuant to SDCL 15–5–11(3). Appellant disputes that finding. Granting or denying a motion for change of venue on the grounds of convenience of witnesses is largely within the discretion of the trial court. *Wakpala State Bank v. Tackett,* 50 S.D. 385, 210 N.W. 199 (1926). The court's finding will not be reversed on appeal unless a clear abuse of such discretion appears. *Nedved v. Nedved,* 59 S.D. 161, 238 N.W. 643 (1931). Since the defendant is the State of South Dakota, by and through its Department of Transportation, leaving the place of trial at the seat of state government cannot operate as a serious inconvenience.

In the absence of statutory grounds for a change of venue, the initial choice of the plaintiff is conclusive. *Putnam Ranches v. O'Neill Production Credit,* 271 N.W.2d 856 (S.D.1978).

The order of the circuit court denying the motion is affirmed.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

The defendant's two arguments that this is an action for injuries to real property pursuant to SDCL 15–5–1(2), and recovery of personal property distrained under SDCL 15–5–1(4), have been rightfully cast aside by the majority opinion. I dissent, how-

---

or property, may at the option of the plaintiff be brought and tried in the county where the

damages were inflicted or the cause of action arose.

ever, because this action sounds in conversion of personal property or for the recovery of damages to such property. Therefore, suit must be brought and tried in the county where the damages were inflicted or the cause of action arose. SDCL 15–5–8.

To determine this case's proper venue, the allegations in the complaint must be carefully read. While the word "conversion" is not expressly stated in the complaint, the plaintiff in four separate counts alleges that the defendant did "take down and destroy a highway outdoor advertising sign" in Davison, Beadle, Butte, and Day Counties. In addition, the plaintiff on two occasions stated in its brief that this was an action to recover monetary damages for the injuries to its personal property.[1] The nature of an action when the place of trial is in question is determined by the allegations. *Meihak v. Schreckenghaust,* 67 S.D. 603, 297 N.W. 122 (1941).

The court in *Herron v. Fox,* 67 S.D. 36, 288 N.W. 459, 460 (1939) stated:

> The statutes of this state fix a definite place of trial for certain actions, render the venue optional with the plaintiff in certain other actions, and provide "In all other cases the action shall be tried in the county in which the defendant or defendants, or any of them, shall reside at the commencement of this action * * *."

The place of trial for actions in conversion of personal property or for the recovery of damages to such property are fixed by statute. Under SDCL 15–5–8, the only options available to the plaintiff in bringing such action are: (1) where the damages were allegedly inflicted or (2) where the cause of action arose. It sufficiently appears that the four counties where the damages were allegedly inflicted are the same four counties where the cause of action arose. Plaintiff's reliance on SDCL 15–5–6 is misplaced. That statute provides that an action shall be tried in the county where the defendant shall reside at the commencement of the action, but expressly excepts from its purview those actions described in SDCL 15–5–8.

The majority opinion stated that the court has given special construction to SDCL 15–5–6 and SDCL 15–5–8, citing *Kayser v. Nelson,* 44 S.D. 533, 184 N.W. 361 (1921) and *Fargo v. Morgan,* 50 S.D. 94, 208 N.W. 575 (1926). In both cases, the court construed Section 2327, R.C.1919, which is analogous to the present day statutes, SDCL 15–5–6 and SDCL 15–5–8. In *Kayser v. Nelson,* supra, the court distinguished actions to recover damages caused by bodily injuries from actions to recover for invasion of personal rights. The alleged cause of action in *Fargo v. Morgan,* supra, sounded primarily in deceit, although special damages to property were also alleged. In both instances, it was the defendant who requested that the statute be liberally construed to allow the case to be tried in the county of their residence. The nature of these two cases is inapplicable to the cause of action presented in this case.

The majority opinion now wants to stretch the construction of these two statutes to authorize the plaintiff to bring the action in the county where the defendant resides. Both statutes, when read together, clearly dictate otherwise.

The court in *Meihak v. Schreckenghaust,* supra 297 N.W. at 123 stated: "[T]he court has no discretion except to hear and grant an application based upon a ground which entitled a defendant to a change provided a timely demand and motion in due form are made." Although the defendant's motion for change of venue was based on improper grounds, i. e., for the recovery of an interest in real property, SDCL 15–5–1(1) and for the recovery of personal property distrained, SDCL 15–5–1(4), it is the plaintiff's duty to commence the action in the proper county. If the plaintiff does not, this court, citing *Kleiners v. Loeb,* 64 Wisc. 343, 25 N.W. 216 (1885),[2] in the case of *Smail v. Gilruth,* 8 S.D. 287, 66 N.W. 452, 453 (1896), has said:

> "[I]t is his [plaintiff's] duty to consent to the change to the proper county when

---

1. Plaintiff and Respondent Brief, pp. 4 and 6.

2. This case was miscited in *Smail* as *Meiners v. Loeb.*

demanded by the defendant; and if he refuses to assent to such change, when demanded, it is the duty of the court, on motion made within the proper time, to make an order changing the place of trial to the proper county."

Venue in this case must be determined pursuant to 15–5–8 which vests no discretion with the circuit court. Where no discretion is conferred upon the court by statute, the court does not possess the discretion to deny a motion for change of venue. 77 Am.Jur.2d Venue § 82. The "convenience of witnesses argument" under SDCL 15–5–11 is of no consequence. The right of a defendant to have the place of trial changed to the proper county is absolute, if the demand and motion therefore are duly made, and the court cannot retain the case on the ground of the convenience of witnesses. *McDonald v. State,* 86 S.D. 570, 199 N.W.2d 583 (1972); *Olson v. City of Sioux Falls,* 63 S.D. 563, 262 N.W. 85 (1935); *Ivanusch v. Great Northern Ry. Co.,* 26 S.D. 158, 128 N.W. 333 (1910); and *Smail v. Gilruth,* supra.

There is sufficient showing in this case to conclude that SDCL 15–5–8 governs this action. Consequently, under either of the available statutory options allowed the plaintiff, the actions belong in the respective counties where the damages were inflicted or the cause of action arose, namely the four counties where the signs were located and damaged.

It is for these reasons I would reverse the circuit court and order that defendant's motion for change of venue be granted.