Harold KREAGER, Plaintiff
and Appellant,

v.

BLOMSTROM OIL COMPANY, a corpo-
ration, Defendant and Appellee,

and

Texaco, Inc., a corporation, Defendant.

No. 12805.

Supreme Court of South Dakota.

Considered on Briefs Sept. 10, 1980.
Decided Nov. 19, 1980.

David J. Larson of Larson, Sundall, Lar-
son & Schaub, Chamberlain, for plaintiff
and appellant.

Donald E. Covey, Winner, for defendant
and appellee.

GERKEN, Circuit Judge.

Plaintiff, Harold Kreager, alleged in his
complaint that he is the owner of a com-
mercial crop spraying service in Kennebec,
Lyman County. On July 26, 1977, while
plaintiff was attempting a take-off from
his airstrip, the engine failed. In the course
of an emergency landing the plane crashed,
resulting in damage to the plane, together
with other consequential damages. Plain-
tiff alleged that the engine failure was
caused by the presence of water in the fuel
supply, the fuel having been purchased
from defendant Blomstrom Oil Company
(Blomstrom) and having been sold and de-
livered to plaintiff in Lyman County.

Seeking to recover for damages to his
plane as well as for his other losses, plain-
tiff commenced the present action, bringing
suit against both Blomstrom, a South Dako-
ta corporation with its principal place of
business at Winner, Tripp County, and Tex-
aco, Inc., a nonresident corporation, the
manufacturer and refiner.

Plaintiff's complaint contains multiple theories of liability, including breach of warranty, either expressed or implied, fraud, intentional acts, strict liability, and negligence.

Plaintiff venued the action in Lyman County. Blomstrom's application for a change of venue to Tripp County was granted by the circuit court. Plaintiff appeals. We reverse and remand.

■ The determination of a venue motion must be made from the allegations of plaintiff's complaint; no other pleading is relevant to the issue. *Meihak v. Schreckenghaust*, 67 S.D. 603, 297 N.W. 122 (1941).

The statutes involved in the present case are as follows:

SDCL 15–5–6. In all other cases . . . the action shall be tried in the county in which the defendant or defendants, or any of them, shall reside at the commencement of the action . . . .

SDCL 15–5–8. Actions for conversion of personal property, or for the recovery of damages to persons or property, may at the option of the plaintiff be brought and tried in the county where the damages were inflicted or the cause of action arose.

■ The duty of this Court is to apply the statutory rule "according to its letter and spirit." *Masek v. Masek*, 89 S.D. 62, 65, 228 N.W.2d 334, 336 (1975). Words and phrases should be given their plain meaning and effect. *Board of Regents v. Carter*, 89 S.D. 40, 228 N.W.2d 621 (1975).

We "will not enlarge a statute beyond its face where the statutory terms are clear and unambiguous in meaning and do not lead to an absurd or unreasonable conclusion." *Ogle v. Circuit Ct., Tenth Jud. Circuit*, 89 S.D. 18, 21, 227 N.W.2d 621, 623 (1975).

"[W]hen the language of a statute is clear, certain and unambiguous, there is no occasion for construction and the court's only function is to declare the meaning of the statute as clearly expressed in the statute." *State Highway Com'n, Etc. v. Wieczorek*, 248 N.W.2d 369, 372 (S.D.1976).

Blomstrom contends that since plaintiff's alleged damages are special damages within this Court's construction of RC 1919 § 2327 (now 15–5–7 to 15–5–9) in *Fargo v. Morgan*, 50 S.D. 94, 208 N.W. 575 (1926), the proper venue is in Tripp County, Blomstrom's principal place of business. In the *Fargo* case, the plaintiff complained of misrepresentation by the defendant, a resident of Brown County, that was made in Yankton County, resulting in alleged damages occurring in Clay County. This Court held that venue did not lie in Clay County. The Court's holding was grounded on the fact that the misrepresentation relied upon by the plaintiff was made in Yankton County. Thus, the cause of action arose in Yankton County. The fact that the damage to personal property occurred in Clay County was held to be special damages not entitling the plaintiff to elect bringing the suit in Clay County.

*Fargo v. Morgan* was decided before the advent of modern products liability law, the development of which is well chronicled in W. Prosser, Law of Torts §§ 96–104 (4th ed. 1971). At the time *Fargo* was decided, the law of warranty was still tied to the apron strings of deceit. That the legislature would provide for implied warranties by way of a Uniform Commercial Code or that courts would impose liability without regard to negligence upon manufacturers or sellers of defective products was not contemplated at the time *Fargo* was decided. These changes in the substantive law of manufacturers' liability require a new approach to the question of venue.

■ In an action for recovery of damages for personal injuries or property damages, the policies behind modern products liability law and SDCL 15–5–8 favor giving a plaintiff an opportunity to have the action tried in the county in which the damages were inflicted or the cause of action arose.

As recently noted by this Court in *Smith v. Smith*, 278 N.W.2d 155, 160 (S.D.1979):

In our highly productive society there is an ever increasing number of persons injured by defective products. More fre-

quently, the product is manufactured hundreds or thousands of miles away. The difficulties and expense of proof plus the plethora of injuries due to defective products have shown that the traditional concept of negligence and contributory negligence is no longer a viable manner of allocating responsibility for the increasing volume of damages resulting from defective products.

In adopting the theory of strict liability, the courts have sought to insure that the public is protected, both in person and property, from damages caused by defective products and that those who place such products on the market are responsible for the damage they cause. *Engberg v. Ford Motor Company*, 87 S.D. 196, 205 N.W.2d 104 (1973).

The intent of a venue rule permitting an action to be brought in a county in which the transaction arises permits a plaintiff to have the action tried in a county convenient to the witnesses; likewise, it insures that the county in which the action is tried has a substantial relationship to the action. 77 Am.Jur.2d *Venue* § 36 (1975). A manufacturer, distributor, or contractor should not be free to distribute its defective products freely throughout the state without being subject to suit in that county in which such products may result in physical injury or property damage.

■ SDCL 15–5–6 and 15–5–8 are not ambiguous. It is to be assumed that SDCL 15–5–8 means what it says and that the legislature has said what it meant. *Crescent Electric Supply Co. v. Nerison*, 89 S.D. 203, 232 N.W.2d 76 (1975). SDCL 15–5–8 does not limit itself to actions that are *ex delicto* as opposed to actions that are *ex contractu*; it does not invite inquiry into the method by which the damage was done or the theories on which plaintiff seeks recovery, nor does it say that it is limited to damages to persons or property caused by immediate, traumatic force. It is not the duty of this Court to enlarge a statute beyond its face where it is clear and unambiguous. *Ogle v. Circuit Ct., Tenth Jud. Circuit, supra.*

■ Plaintiff properly venued the action in Lyman County. The order transferring venue to Tripp County is reversed, and the case is remanded to the circuit court for further proceedings.

All the Justices concur.

GERKEN, Circuit Judge, sitting for MORGAN, J., disqualified.