## K. & S. SALES COMPANY, Respondent, v. SORENSON, Appellant.

(239 N. W. 185.)

(File No. 7177. Opinion filed November 18, 1931.)

*Theodore R. Johnson,* of Sioux Falls, for Appellant.
*Matz & Wipf,* of Huron, for Respondent.

MISER, C. Defendant Sorenson was not, at the time of the service of the summons and complaint herein upon him, a resident of Beadle county, and never had been. Respondent K. & S. Sales Company brought suit against him in the municipal court of the city of Huron, Beadle county. Summons and complaint were served upon him in Turner county, where he resided. On default of answer, judgment was entered against him. His motion to vacate that judgment having been overruled, he appeals.

He contends that under section 23, article 5, S. D. Const., and section 2122, R. C. 1919, the municipal court obtained no jurisdiction over him to enter the judgment. Respondent contends that under section 2241-2243 and 2328, R. C. 1919, appellant, not having moved for change of place of trial, was bound by the judgment entered against him.

In Higgins et al. v. Calif. Prune & Apricot, etc., (C. C. A.) 282 F. 550, 554, it is said: "It is fundamental that no judicial proceedings can be had against any person until he has been notified thereof by lawful service of process; and in an action in personam he must be served with process within the territorial jurisdiction of the court from which the process issued."

This is the general rule, although many modifications thereof have been introduced by statute. 32 Cyc. 455, 33 C. J. 1079, 15 C. J. 800. As stated in 15 C. J. 800, and supported by authority: "This rule applies to county courts, and also to inferior courts of municipalities, except where it is otherwise specifically and lawfully provided or where there is a waiver." By section 2122, R. C. 1919, the jurisdiction of a municipal court is "coextensive with and limited to the county in which the city is situated." It is clear, therefore, that appellant Sorenson was served with process outside the territorial jurisdiction of the court from which the process issued, and that the statutes of South Dakota do not specifically provide for such service of the process of a municipal court as would give the municipal court of the city of Huron jurisdiction to render judgment against appellant herein.

Respondent calls attention to Rumely Products Co. v. Stakke, 36 S. D. 330, 154 N. W. 828, wherein defendant Stakke, a resident of Union county, was sued in the municipal court of Sioux Falls, Minnehaha county.. In that case, this court held that a change of venue should have been granted from the municipal

court of Sioux Falls to the circuit court in and for Union county. So in this case respondent contends that appellant, if he did not desire to have the case tried in the municipal court of the city of Huron, should have made timely application for change of venue; that upon a proper showing he might have had the case transferred to the circuit court of Turner county, as provided by section 2243; that, having failed to avail himself of the statutory means to have the case tried in the county of his residence, appellant has no cause for complaint that his motion to vacate the judgment was denied.

But these contentions ignore the fact that the municipal court of the city of Huron never acquired jurisdiction of the defendant Sorenson. Unlike the defendant Stakke, in the case cited by respondent, Sorenson was not served with summons in the county to which the jurisdiction of the municipal court of the city of Huron is limited by section 23, art. 5, Const., and by section 2122, R. C. 1919. That defendant Stakke was served in Minnehaha county does not appear from the opinion cited. It does appear from the abstract on appeal in that case. No contention that jurisdiction of the person of the defendant was not obtained having been made in that case, it was doubtless deemed unnecessary to state where Stakke was served with process.

For these reasons, the order appealed from is reversed.

POLLEY, P. J., and CAMPBELL, ROBERTS, WARREN, and RUDOLPH, JJ., concur.